[File No. 7267]

JOHN H. ESPELAND, Appellant, v. POLICE MAGISTRATE'S COURT OF THE CITY OF GRAND FORKS, North Dakota, and John A. Alphson, duly elected, qualified and acting judge of said Court, Respondents.

(49 NW2d 394)

350

Opinion filed September 28, 1951. Rehearing denied Oct. 22, 1951

*Day, Stokes, Vaaler & Gillig,* for appellant.
*Harold D. Shaft,* for respondents.

CHRISTIANSON, J.   This is an appeal from an order sustaining a demurrer to a petition for a writ of certiorari.   The relief

sought is the annulment of an order of the police magistrate of the City of Grand Forks denying the application made by the plaintiff Espeland, (under the provisions of Chapter 222, Laws 1949), to vacate a judgment rendered against the said Espeland on his plea of guilty and to award him a new trial.

The Constitution of North Dakota provides:

"The legislative assembly shall provide by law for the election of police magistrates in cities, incorporated towns, and villages, who in addition to their jurisdiction of all cases arising under the ordinances of said cities, towns and villages, shall be ex officio justices of the peace of the county in which said cities, towns and village may be located. . . ." ND Const, Sec 113.

The statutes of the State provide:

"The police magistrate within a city and the village justice of the peace within a village each shall have exclusive jurisdiction of, and shall hear, try, and determine, all offenses against the ordinances of the city or village, as the case may be. He shall have concurrent jurisdiction with the justices of the peace of the county in all civil actions and in all criminal actions for offenses against the laws of the state committed within the county wherein the city or village is situated." NDRC 1943, 40–1801.

"Any action brought to recover any fine, to enforce any penalty, or to punish any violation of an ordinance of any municipality shall be brought in the corporate name of the municipality as plaintiff. . . ." NDRC 1943, 40–1110.

In 1949 the Legislative Assembly enacted Chapter 222, Laws 1949, thereby amending and re-enacting Section 33–1234, NDRC 1943. In order to visualize the law before and after the enactment of said Chapter 222, Laws 1949, Section 33–1234, NDRC 1943, and Chapter 222, Laws 1949, are set forth in parallel columns:

NDRC 1943, 33–1234:

"A defendant in a criminal action may appeal from the judgment of a justice of the peace at any time within thirty days by giving notice of the appeal and giving bail for his appearance in the district court as prescribed in this chapter."

Chapter 222, Laws 1949:

"Section 33–1234 of the North Dakota Revised Code of 1943 is hereby amended and re-enacted to read as follows:

"33–1234. (Appeal; Time; How Taken; Notice; Bail.) An appeal may be taken from a judgment of a justice of the peace or a police magistrate sitting as a justice of the peace, to the district court by the state in a criminal action, upon any question of law, and by the defendant upon both questions of law and fact, at any time within thirty days after the entry of judgment, by giving a notice of the appeal, and by the defendant giving bail for his appearance in district court as prescribed in this chapter. Any defendant having pleaded guilty without the advice of counsel shall, within thirty days thereafter, upon application of his attorney, be entitled to have any judgment entered on such plea vacated and a new trial granted."

The petition for a writ of certiorari sets forth the following facts: The defendant, John A. Alphson, is the duly elected, qualified and acting police magistrate of the City of Grand Forks. On January 31, 1951, a complaint was made and filed with the above named defendant Alphson as the police magistrate of the city of Grand Forks, "whereby and wherein Plaintiff was charged with the crime of 'operating a motor vehicle

while under the influence of intoxicating liquor'; that said crime was alleged to have been committed by the defendant on the 30th day of January, A. D. 1951; that said Complaint was signed by Lee Wood, a police officer of the Police Department of the City of Grand Forks, North Dakota; that pursuant to said Complaint, process was duly issued, the plaintiff herein was arrested and brought before defendant, as Police Magistrate; that at said time and place the plaintiff was asked by Defendant for his plea to said charge; that plaintiff, without the advice of counsel, entered a plea of guilty to said charge; that thereupon, and pursuant to said plea of guilty, the defendant imposed judgment upon the Plaintiff by levying a fine of One Hundred and no/100's (100.00) Dollars, and suspending Plaintiff's drivers license for a period of thirty (30) days; that plaintiff paid said fine, and surrendered his drivers license to defendant."

On March 2, 1951, plaintiff's attorney presented to and filed with the police magistrate an application in writing verified by himself that the judgment entered by said police magistrate against the said Espeland upon his plea of guilty be vacated and a new trial granted under the provisions of Chapter 222, Laws 1949; Sec 33-1234, NDRC 1943 as amended. In such application it is said:

"That he is one of the attorneys for the defendant in the above entitled action, and makes this affidavit on the defendant's behalf; that the above entitled action is an action instituted by the authorities of the City of Grand Forks, North Dakota, for the violation of a city ordinance, whereby the above named defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor;

"That said charge grew out of an automobile accident occurring on or about the 30th day of January, 1951; that the above entitled matter came on for hearing before the Hon. John A. Alphson, Police Magistrate for the City of Grand Forks, North Dakota, on the 31st day of January, 1951; that upon said hearing the defendant entered a plea of guilty to said charge; that said guilty plea was entered by the defendant without the advice of counsel;

"That the defendant has now employed counsel, and has disclosed all of the facts and circumstances surrounding said accident, and said hearing before the above named Court to his counsel, and has been informed and believes that he has a good defense to said action;

"That said plea of guilty was entered in said action without the advice of counsel, as aforesaid, whereby the defendant was deprived of a trial of said action on the merits, and that under and by virtue of Section 33–1234, NDRC as amended, defendant is entitled to have the judgment of the court vacated and set aside, and a new trial granted;

"WHEREFORE, Defendant prays the Court for an Order setting aside the Judgment heretofore entered in said action on the 31st day of January, 1951, and granting defendant a new trial and for such other and further relief as may be just under the circumstances."

After due consideration the police magistrate made an order denying the motion to vacate the judgment and for a new trial. Thereupon the plaintiff Espeland made application to the district court for a writ of certiorari to review the proceedings had before the said police magistrate and asked that upon such review "the court annul said order denying a new trial and remand the case for such proceedings as are in conformity with law."

The defendant demurred to the petition for a writ of certiorari on the ground that the petition and the "exhibits referred to therein and attached thereto failed to state facts sufficient to constitute grounds for the issuance of a writ of certiorari." The trial court made an order sustaining the demurrer and the plaintiff has appealed.

The order appealed from must be affirmed. The trial court was correct in holding that the petition for the writ of certiorari did not state facts sufficient to constitute grounds for the issuance of such writ. The laws of this State provide:

"A writ of certiorari shall be granted by the supreme court or district court when an officer, board, tribunal, or inferior court has exceeded the jurisdiction of such officer, board, tribunal, or inferior court, as the case may be, and there is no appeal, nor, in

the judgment of the court, any other plain, speedy, and adequate remedy, and also when, in the judgment of the court, it is deemed necessary to prevent miscarriage of justice." NDRC 1943, 32–3301.

"Except as otherwise provided by law, the review upon a writ of certiorari cannot be extended further than to determine whether the inferior court, tribunal, board, or officer has pursued regularly the authority of such court, tribunal, board, or officer." NDRC 1943, 32–3309.

Under the laws of this state a city has authority "to prohibit by ordinance the operation of any motor vehicle or other conveyance upon the streets, alleys, or other public ways of the city by any person under the influence of intoxicating liquor or narcotics." NDRC 1943, 40–0502 (15); Laws 1933, Chapter 175. The statute empowering a city to adopt such ordinance was enacted by the Legislative Assembly to obviate the result of the decision of this court in Fargo v. Glaser, 62 ND 673, 244 NW 905, wherein this court held that a city was without authority to adopt such ordinance. The decision in Fargo v. Glaser was rendered October 25, 1932, and said Chapter 175, Laws 1933, was enacted by the Legislative Assembly which convened in January, 1933.

The City of Grand Forks brought action against the plaintiff Espeland for violation of an ordinance of the City of Grand Forks. Such action was brought in the police magistrate's court of said city, which court is expressly empowered by the Constitution and laws of the State to hear and determine such action and to render judgment therein. The police magistrate heard the action and rendered judgment therein in accordance with the ordinances and imposed upon the plaintiff a fine of $100 and suspended his drivers license for a period of thirty days. The plaintiff paid the fine so imposed and surrendered his drivers license. The police magistrate proceeded in conformity with the law and pursued regularly the authority conferred upon him by the law and did not act either without or in excess of his authority.

The right of appeal from a justice's court is dependent on constitutional or statutory provisions. 35 CJ 717; 51 CJS 247. The

power of a justice of the peace to grant a new trial is dependent on statute. 35 CJ 653; 51 CJS 185. It is admitted that no provision is made by the statutes of this state for an appeal from a judgment rendered by a justice of the peace upon a plea of guilty in a criminal action and that there is no statute providing for a new trial in a justice's court, with the sole exception of the provision made by Chapter 222, Laws 1949.

Plaintiff contends that it was the legislative intention that Chapter 222, Laws 1949, should "apply generally to all courts of limited jurisdiction" and that such statute applies as well to actions for violation of a city ordinance brought before and tried and determined by a police magistrate as to criminal actions instituted by the State before a justice of the peace and tried and determined by him.

On the other hand it is contended by the defendant that said Chapter 222, Laws 1949, was intended to apply and applies only to criminal actions instituted by the State before a justice of the peace or "before a police magistrate *sitting as a justice of the peace*" and that the provision in said chapter that "any defendant having pleaded guilty without the advice of counsel shall, within thirty days thereafter, upon application of his attorney, be entitled to have any judgment entered on such plea vacated and a new trial granted," has no application to a judgment rendered in an action before a police magistrate for the violation of a city ordinance. The defendant further contends that insofar as Chapter 222, Laws 1949, provides that "any defendant having pleaded guilty without the advice of counsel shall, within thirty days thereafter, upon application of his attorney, be entitled to have any judgment entered on such plea vacated and a new trial granted," it contravenes Section 61 of the Constitution of North Dakota which provides "no bill shall embrace more than one subject, which shall be expressed in its title, but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed;" and that consequently the provision in said Chapter 222 relating to an application to have any judgment entered on a plea of guilty vacated and a new trial granted is unconstitutional and invalid.

In support of the contention that Chapter 222, Laws 1949, was intended to apply and applies "generally to all courts of limited jurisdiction," and that the provision in said chapter that "any defendant having pleaded guilty without the advice of counsel shall, within thirty days thereafter, upon application of his attorney, be entitled to have any judgment entered on such plea vacated and a new trial granted" applies to a judgment rendered upon a plea of guilty in an action for violation of an ordinance of the city that is brought before a police magistrate, the plaintiff cites NDRC 1943, Sections 40–1811 and 40–1819. These sections are part of the chapter relating to Police Magistrates and Municipal Justices of the Peace. Section 40–1811 provides that in all cases not specifically provided for in said Chapter 40–18 the process and proceedings in the court of a police magistrate or of a village justice of the peace shall be governed by the provisions of the laws of this state regulating proceedings in justices' courts in criminal cases. Section 40–1819 provides that "an appeal may be taken to the district court from any judgment in a police magistrate's court or in the court of a village justice of the peace in the same manner as is provided for the taking of an appeal from a justice's court generally, except as otherwise provided in this section."

In our opinion said Chapter 222, Laws 1949, has no application to an action before a police magistrate for the violation of an ordinance of the city, and the provision in such chapter that "any defendant having pleaded guilty without the advice of counsel shall, within thirty days thereafter, upon application of his attorney, be entitled to have any judgment entered on such plea vacated and a new trial granted" has no application to a judgment that has been rendered by a police magistrate upon a plea of guilty in an action for violation of a city ordinance, and Sections 40–1811 and 40–1819 do not operate to render said Chapter 222 applicable to an action before a police magistrate for the violation of a city ordinance or to a judgment entered upon a plea of guilty in such action. Said Chapter 222 was entitled "An Act to amend and reenact section 33–1234 of the North Dakota Revised Code of 1943, relating to appeal from justice court judg-

ment by state and defendant; time; how taken; notice; and bail, and providing a new trial in certain cases." The title speaks for itself. It refers to appeal from a "justice court judgment by the state and defendant" and provides for "a new trial in certain cases." No reference is made in the title to police magistrates or to appeal by a city, and the body of the act makes no reference to a judgment rendered by a police magistrate or to an appeal by the city or by the defendant in an action by the city. The body of the act refers only to appeals "from a judgment of a justice of the peace or a police magistrate sitting as a justice of the peace, to the district court by the state in a criminal action upon any question of law, and by the defendant upon both questions of law and fact." Clearly this language does not either directly or indirectly apply to an action before a police magistrate for violation of a city ordinance or to a judgment that may be rendered by a police magistrate upon a plea of guilty in such action. If there had been any intention that said Chapter 222 should apply to actions before a police magistrate for violation of a city ordinance and should apply to an application for the vacation of a judgment rendered upon a plea of guilty in such action, provision to that effect would have been made in specific terms, and provision would have been made, also, for appeal by the city and by the defendant in an action by the city before the police magistrate for violation of a city ordinance; but the act refers only to an appeal by the state or by the defendant "from a judgment of a justice of the peace or a police magistrate *sitting as a justice of the peace*" in a criminal action. As has been noted, the Constitution specifically provides that a police magistrate in addition to jurisdiction of all cases arising under the ordinances of the city "shall be ex officio justice of the peace of the county" in which the city is located in which the police magistrate holds office. ND Const, Sec 113. Said Chapter 222 recognizes the distinction between the police magistrate and his functions as such; and the police magistrate acting as ex officio justice of the peace of the county in which the city in which he holds office is located.

We are wholly agreed that said Chapter 222, Laws 1949, and

all the provisions thereof were intended to apply and do apply only in criminal actions for violations of the laws of the State instituted by the State before a justice of the peace or before a police magistrate sitting as a justice of the peace and that said chapter does not apply to an action instituted by a city before the police magistrate for the violation of an ordinance of the city or to a judgment rendered by the police magistrate upon a plea of guilty in such action.

In view of the construction which we place upon said Chapter 222, Laws 1949, it is neither necessary nor proper to consider or determine the constitutional question raised by the defendant. For "it is well-settled that the constitutionality of a statute will not be determined in any case, unless such determination is absolutely necessary in order to determine the merits of the suit in which the constitutionality of such statute has been drawn in question." 16 CJS p 208. See also McCoy v. Davis, 38 ND 328, 164 NW 951; Olson v. Ross, 39 ND 372, 167 NW 385; Goer et al v. Taylor et al, 51 ND 792, 200 NW 898; Federal Land Bank v. Johnson, 67 ND 534, 274 NW 668.

The facts alleged in the application for the writ of certiorari show that the defendant, Alphson, as police magistrate of the City of Grand Forks did not act without or in excess of jurisdiction, but that he regularly pursued the authority vested in him. The district court was correct in holding that such application failed to state facts sufficient to justify the issuance of a writ of certiorari.

The order appealed from is affirmed.

MORRIS, C. J., SATHRE, GRIMSON, and BURKE, JJ., concur.