2010 ND 57

**STATE of North Dakota, Plaintiff and Appellee**

v.

**M.B., Defendant and Appellant.**

No. 20090276.

Supreme Court of North Dakota.

April 6, 2010.

Brian D. Grosinger, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

Chad R. McCabe, Bismarck, ND, for defendant and appellant.

Jonathan R. Byers (on brief), Assistant Attorney General, Office of Attorney General, Bismarck, ND, for amicus curiae State of North Dakota.

VANDE WALLE, Chief Justice.

[¶ 1]   M.B. entered a conditional plea of guilty to continuous sexual abuse of a child.   M.B. appealed from the criminal judgment and the order denying his motion to dismiss for lack of jurisdiction. We affirm because M.B. has not demonstrated N.D.C.C. § 27–20–34(8) violates the equal protection clauses of the North Dakota or federal constitutions.

I.

[¶ 2]   In May 2008, M.B. was charged with continuous sexual abuse of a child, occurring between January 30, 1988, and January 30, 1998.   M.B. was born on September 11, 1979, thus the alleged abuse occurred when he was between the ages of eight and eighteen.   The State asserted the district court had jurisdiction due to N.D.C.C. § 27–20–34(8), which reads:

> A person at least twenty years of age who committed an offense while a child and was not adjudicated for the offense in juvenile court may be prosecuted in district court as an adult, unless the state intentionally delayed the prosecution to avoid juvenile court jurisdiction. The district court has original and exclusive jurisdiction for the prosecution under this subsection.

M.B. was twenty-eight years old when the State filed its complaint. M.B. does not argue, and there is no evidence on the record, that the State intentionally delayed prosecuting M.B. to avoid juvenile court jurisdiction.

[¶ 3]   M.B. moved to dismiss the charge for lack of jurisdiction, arguing N.D.C.C. § 27–20–34(8) violates the equal protection clauses of the state and federal constitutions.   The district court denied M.B.'s motion.   M.B. then entered a conditional plea of guilty to the charge.   *See* N.D.R.Crim.P. 11(a)(2) (permitting a conditional plea of guilty).   The district court

sentenced M.B. to three years in prison, with all three years suspended during a three-year period of supervised probation.

## II.

[¶ 4] M.B. argues N.D.C.C. § 27–20–34(8) violates the equal protection clauses of the state and federal constitutions. He argues the statute unconstitutionally discriminates against him on the basis of age because his case was heard in district court rather than juvenile court, although some of the acts upon which the charge was based took place while he was a juvenile. This Court has previously discussed its standard of review when a party claims a statute is unconstitutional:

> Whether a statute is unconstitutional is a question of law, and a statute will be upheld unless its challenger demonstrates the statute is unconstitutional. *Best Products Co., Inc. v. Spaeth*, 461 N.W.2d 91, 96 (N.D.1990). A legislative act is presumed to be constitutional, and any doubt about its constitutionality must, where possible, be resolved in favor of its validity. *Southern Valley Grain Dealers Ass'n v. Board of County Comm'rs*, 257 N.W.2d 425, 434 (N.D. 1977). A party raising a constitutional challenge must bring up the "heavy artillery" or forego the attack entirely. *Effertz v. North Dakota Workers' Comp. Bureau*, 481 N.W.2d 218, 223 (N.D. 1992).

*Bolinske v. Jaeger*, 2008 ND 180, ¶ 17, 756 N.W.2d 336. We have examined the issue raised by M.B. and conclude his argument is without merit. We decline to engage in further discussion that could serve as precedent for future cases in which a party claims unconstitutional age discrimination.

## III.

[¶ 5] We affirm the district court's judgment.

[¶ 6] MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

KAPSNER, Justice, concurring.

[¶ 7] It has not gone unnoticed that N.D.C.C. § 12.1–04–01 provides: "The prosecution of any person as an adult is barred if the offense was committed while the person was less than fourteen years of age." The State has charged acts occurring for 10 years during M.B.'s minority, starting at age 8. Further, the specific charge to which M.B. pled conditionally guilty is continuous abuse of a child under N.D.C.C. § 12.1–20–03.1(1), which provides:

> An individual in adult court is guilty of a class A felony if the individual engages in any combination of three or more sexual acts or sexual contacts with a minor under the age of fifteen years during a period of three or more months.

M.B.'s activity continued from age 8 to 18, while the age of his alleged victim went from 5 to 15 years. One questions whether the legislature intended to reach the activities between very young children even when that pattern continues into teenage years by enacting a statute that criminalizes "[c]ontinuous sexual abuse of a child." N.D.C.C. § 12.1–20–03.1.

[¶ 8] However, M.B.'s acts over the age of fourteen fit into the literal language of N.D.C.C. § 12.1–20–03.1(1), at the time the charges were brought. M.B. raises no issues of delay and has entered his guilty plea.

[¶ 9] CAROL RONNING KAPSNER