2011 ND 188

**Toni WEEKS, Appellant**

v.

**NORTH DAKOTA WORKFORCE SAFETY & INSURANCE FUND, Appellee**

and

**Dakota Gasification Co., Respondent.**

No. 20110024.

Supreme Court of North Dakota.

Sept. 15, 2011.

Stephen D. Little, Bismarck, N.D., for appellant.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, N.D., for appellee.

MARING, Justice.

[¶ 1] Toni Weeks appeals from a district court judgment affirming a decision by Workforce Safety and Insurance ("WSI") to reduce her disability benefits. Because Weeks has failed to adequately brief her argument that WSI's reduction of her wage loss benefits violates equal protection under the federal and state constitutions, we decline to address her argument and we otherwise affirm the judgment.

I

[¶ 2] In 1993, Weeks was injured at work after being exposed to anhydrous ammonia while employed by Dakota Gasification Company, in Beulah, North Dakota. Weeks initially received total disability benefits until July 1993. In 1999, Weeks became disabled following a second compensable injury. Following her second injury, Weeks received both workers compensation disability benefits and social security disability benefits. Weeks received WSI temporary total disability benefits from May 1999 until January 2003. WSI offset the social security benefits under N.D.C.C. § 65–05–09.1. She received a vocational rehabilitation allowance from January 2003 through May 2004. Weeks then received temporary total disability benefits from May 2004 through September 2004. In September 2004, Weeks was found permanently and totally disabled and began receiving total disability benefits.

[¶ 3] In September 2009, WSI received confirmation that on November 1, 2009, Weeks' social security disability benefits would convert to social security retirement benefits. WSI issued a notice of intention to discontinue or reduce benefits, in which Weeks was informed that her permanent total disability benefits would end on October 31, 2009, and she would receive an "additional benefit payable" beginning November 1, 2009. Weeks requested reconsideration. In November 2009, WSI issued an order denying Weeks further disability benefits after October 31, 2009, and awarding her "additional benefit payable" under N.D.C.C. § 65–05–09.4, beginning November 1, 2009. Weeks requested a rehearing. In January 2010, WSI reversed its prior order and determined an alternate calculation under N.D.C.C. § 65–05–09.5 applied. WSI issued a final order in February 2010, awarding Weeks benefits under N.D.C.C. § 65–05–09.5. Weeks again requested rehearing.

[¶ 4] In May 2010, a hearing was held before an ALJ. The ALJ issued a final order affirming the February 2010 order. The ALJ also ruled that, to the extent that Weeks claimed a statute unconstitutionally violated her right to equal protection under state and federal constitutions, the ALJ lacked authority to decide the issue.

[¶ 5] Weeks appealed the ALJ's decision to the district court. The district court affirmed the ALJ's decision, concluding the classification under N.D.C.C. § 65–05–09.3 did not violate equal protection

because it was rationally related to a legitimate government interest.

## II

[¶ 6] Weeks argues WSI's reduction of her wage loss benefits by 60 percent violates equal protection under the federal and state constitutions. Weeks asserts that the Fourteenth Amendment to the United States Constitution and Article I, Sections 21 and 22 of the North Dakota Constitution mandate equal protection and uniform application of law and that N.D.C.C. § 65-05-09.3(2) is unconstitutionally discriminatory and unfair both as enacted and as applied. Although WSI maintains the classifications in N.D.C.C. §§ 65-05-09.3, 65-05-09.4, and 65-05-09.5 are "rationally related" to legitimate government interests, WSI initially asserts this Court should dismiss the appeal because Weeks failed to put forth the necessary challenge to raise a constitutional issue.

[¶ 7] Whether a statute is unconstitutional presents a question of law. *State v. M.B.*, 2010 ND 57, ¶ 4, 780 N.W.2d 663; *Riemers v. Grand Forks Herald*, 2004 ND 192, ¶ 11, 688 N.W.2d 167. "The party challenging the constitutionality of a statute has the burden of proving its constitutional infirmity." *City of Fargo v. Salsman*, 2009 ND 15, ¶ 23, 760 N.W.2d 123. A party must do more than submit bare assertions to adequately raise constitutional issues. *Snyder v. North Dakota Workers Comp. Bur.*, 2001 ND 38, ¶ 19, 622 N.W.2d 712.

[¶ 8] We have said that "a party waives an issue by not providing supporting argument and, without supportive reasoning or citations to relevant authorities, an argument is without merit." *Grand Forks Herald*, 2004 ND 192, ¶ 11, 688 N.W.2d 167 (quotations omitted). "Absent authority *and a reasoned analysis to support it*, the mere assertion of unconstitutionality is insufficient to adequately raise a constitutional question." *Overboe v. Farm Credit Servs.*, 2001 ND 58, ¶ 13, 623 N.W.2d 372 (emphasis added). "Courts cannot be expected to search through the record and applicable case law to discover deprivations of a constitutional magnitude when the party attempting to claim a constitutional violation has not bothered to do so." *Id.; see also Lund v. North Dakota State Highway Dep't*, 403 N.W.2d 25, 29 n. 6 (N.D.1987). A party pursuing a constitutional claim must therefore make a strong case supported by both fact and law or "forgo the claim." *Riemers v. O'Halloran*, 2004 ND 79, ¶ 6, 678 N.W.2d 547; *Grand Forks Prof'l Baseball, Inc. v. North Dakota Workers Comp. Bur.*, 2002 ND 204, ¶ 17, 654 N.W.2d 426.

[¶ 9] This Court has explained the rationale for requiring a party asserting a constitutional claim to provide more than bare assertions:

"[A]n Act of the legislature is presumed to be correct and valid, and any doubt as to its constitutionality must, where possible, be resolved in favor of its validity." *Southern Valley Grain Dealers Ass'n v. Board of County Comm'rs*, 257 N.W.2d 425, 434 (N.D. 1977). "A statute enjoys a conclusive presumption of constitutionality unless it is clearly shown that it contravenes the state or federal constitution." *Richter v. Jones*, 378 N.W.2d 209, 211 (N.D.1985). "The justice, wisdom, necessity, utility and expediency of legislation are questions for legislative, and not for judicial determination.'" *Manikowske v. North Dakota Workmen's Compensation Bureau*, 338 N.W.2d 823, 825 (N.D.1983), quoting *Asbury Hospital v. Cass County*, 72 N.D. 359, 7 N.W.2d 438, 442 Syllabus 11 (1943).

*Haney v. North Dakota Workers Comp. Bur.*, 518 N.W.2d 195, 197 (N.D.1994). " 'The power to hold an Act of the Legislature invalid is one of the highest functions of the courts, and such power should be exercised with great restraint.' " *MCI Telecomm. Corp. v. Heitkamp*, 523 N.W.2d 548, 552 (N.D.1994) (quoting *Montana–Dakota Utils. Co. v. Johanneson*, 153 N.W.2d 414, 416–17 Syll. ¶ 6 (N.D.1967)). "The presumption of constitutionality is so strong that a statute will not be declared unconstitutional 'unless its validity is, in the judgment of the court, beyond a reasonable doubt.' " *MCI*, at 552 (quoting *Menz v. Coyle*, 117 N.W.2d 290, 293 Syll. ¶ 3 (N.D.1962)). Further demonstrating the strength of this requirement, N.D. Const. art. VI, § 4 states that this Court "shall not declare a legislative enactment unconstitutional unless at least four of the members of the court so decide." For these reasons, we require a party "do more than submit bare assertions to adequately raise a constitutional issue," we only decide those issues "thoroughly briefed and argued," and "a party waives an issue by not providing adequate supporting argument." *Olson v. Workforce Safety & Ins.*, 2008 ND 59, ¶ 26, 747 N.W.2d 71.

[¶ 10] Here, Weeks's appeal broadly outlines "two schools of thought," regarding whether terminating or reducing a disabled worker's wage loss benefits upon reaching social security retirement age is discriminatory:

> The courts in Tennessee, Massachusetts, Washington, and Kansas have held that both worker's compensation and Social Security retirement benefits are wage-loss replacement income, and thus one benefit can replace the other. *See: In re Tobin* [424 Mass. 250], 675 N.E.2d 781, 783 (Mass.1997); *Vogel v. Wells Fargo Guard Servs.*, 937 S.W.2d 856 (Tenn.1996); *Harris v. Dept. of Labor &*
> *Indus.* [120 Wash.2d 461], 843 P.2d 1056 (Wash.1993); *Brown v. Goodyear Tire & Rubber Co.* [3 Kan.App.2d 648], 599 P.2d 1031, 1036 (Kan.Ct.App.1979). Courts in other jurisdictions have held that worker's compensation and Social Security retirement benefits are not merely wage-replacement programs, and it is not rational to offset them against one another. *See: West Virginia v. Richardson* [198 W.Va. 545], 482 S.E.2d 162 (W.Va.1996); Indus. [*Industrial*] *Claim Appeals Office v. Romero*, 912 P.2d 62 (Colo.1996); *Golden v. Westmark* [*Westark*] *Cmty. Coll.* [333 Ark. 41], 969 S.W.2d 154 (Ark.1998); *Reesor v. Mont. State Fund* [325 Mont. 1], 103 P.3d 1019 (Mont.2004); *Merrill v. Utah Labor Commn.*, 223 P.3d 1089 (Utah 2009).

Weeks's discussion of these cases, however, is limited and does not adequately develop how these "two schools of thought" apply to the legislative enactments in this case. Weeks provides no analysis and does not explain how these cases are similar or distinct from the particular facts of this case.

[¶ 11] Although Weeks initially asserts the statute creates an "inherently suspect classification" and is "per se discriminatory," Weeks summarily argues there is no "rational basis" for the statute because it: 1) creates an "irrebutable presumption" solely based on a claimant reaching retirement age; 2) treats Social Security retirement benefits differently than other retirement income; 3) considers 3 1/3 percent to 33 1/3 percent of pre-injury wages to be "sure and certain relief"; 4) provides full disability benefits to catastrophically injured workers who are no more disabled than others; 5) treats disabled workers differently from other recipients of state controlled benefit plans who reach "retirement age"; and 6) provides an "additional benefit" to retirees without finding indi-

gence and without providing the benefit to all retirees, whether previously disabled or not. Weeks generally asserts WSI disability benefits and social security retirement benefits have different purposes and substituting one for the other is unconstitutionally unfair and violates equal protection.

[¶ 12] Although the ALJ concluded she was without authority to decide the constitutional issue, the ALJ stated Weeks's bare assertions that the termination of disability benefits was discriminatory and unfair were insufficient to raise an issue regarding the validity of N.D.C.C. § 65–05–09.3. We note, however, Weeks's specification of error to the district court did assert a violation of equal protection under the state and federal constitutions, and the district court decided the issue. However, Weeks's arguments on appeal challenging N.D.C.C. § 65–05–09.3 are conclusory and notable in their lack of analysis, particularly regarding the legislative history of the statute at issue. In response to extensive briefing by WSI, Weeks did not submit a reply brief. Although a reply brief is not required under our rules, *see* N.D.R.App.P. 28(d) ("appellant may file a single brief in reply to the appellee's brief"), Weeks's failure to file a reply brief in this case only serves to highlight the inadequacy of the initial briefing. Weeks does not attempt to address WSI's arguments regarding the cases cited and legislative history surrounding the statutes. Weeks provides us with no detailed constitutional analysis or reasoning.

[¶ 13] Because Weeks has not sufficiently challenged the constitutionality of the statute, we decline to address the issue on the merits.

### III

[¶ 14] We affirm the judgment.

[¶ 15] CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.

CROTHERS, Justice, specially concurring.

[¶ 16] I agree with the majority opinion that Weeks has failed in her burden of showing N.D.C.C. § 65–05–09.3 is unconstitutional. I therefore agree the judgment should be affirmed. However, I respectfully disagree with the majority that our decision should be made without considering Weeks' argument on the merits.

[¶ 17] Weeks preserved the constitutional argument before the agency and made the constitutional argument in the district court. Weeks' argument was minimally supported by citation to case law and included discussion of approaches taken in other jurisdictions. WSI responded with citation to law and with an extensive recitation of legislative history behind N.D.C.C. § 65–05–09.3 and the related statutes. Based on a similar record, the district court wrote a 15–page order finding the statute rationally related to a governmental interest and, thus, was constitutional. Recognizing that not all litigants have equal access to resources, and recognizing the district court's well-considered order, I would reach the merits and uphold the constitutionality of N.D.C.C. § 65–05–09.3.

[¶ 18] GERALD W. VANDE WALLE, C.J., concurs.