**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**FEBRUARY 8, 2024**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2024 ND 17

Douglas E. Landis,                                    Petitioner and Appellant

v.

State of North Dakota,                               Respondent and Appellee

No. 20230224

Appeal from the District Court of Mountrail County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

AFFIRMED.

Per Curiam.

Kyle R. Craig, Minot, ND, for petitioner and appellant; submitted on brief.

Wade G. Enget, State's Attorney, Stanley, ND, for respondent and appellee; submitted on brief.

**Per Curiam.**

[¶1] Douglas Landis appeals from an order summarily dismissing his application for postconviction relief before an evidentiary hearing was held. Landis's postconviction application alleges actual innocence, legal innocence, judicial error, prosecutorial misconduct, and ineffective assistance of counsel. Landis's brief makes no argument related to the actual innocence, legal innocence, judicial error, and prosecutorial misconduct claims. We only decide those issues which are "thoroughly briefed and argued" and "a party waives an issue by not providing adequate supporting argument." *Weeks v. N.D. Workforce Safety & Ins. Fund*, 2011 ND 188, ¶ 9, 803 N.W.2d 601 (quoting *Olson v. Workforce Safety & Ins.*, 2008 ND 59, ¶ 26, 747 N.W.2d 71). We deem those issues were waived by failure to support them in the brief.

[¶2] Landis also argues the district court erred in denying his application because he received ineffective assistance of counsel. The court concluded Landis failed to present competent and admissible evidence which raised an issue of material facts that his counsel's representation fell below an objective standard of reasonableness. We conclude the court properly dismissed Landis's application under these circumstances. We summarily affirm under N.D.R.App.P. 35.1(a)(6). *See Atkins v. State*, 2017 ND 290, ¶ 6, 904 N.W.2d 738 (finding summary denial of postconviction relief appropriate when the State moves for summary disposition, and a petitioner fails to provide some competent evidence to support his claims).

[¶3]    Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr