# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 233

Crystal Overbo,                                                                Plaintiff

v.

Aaron Overbo,                                                                Defendant

and

State of North Dakota, Statutory            Real Party in Interest and Appellant

### No. 20240164

Appeal from the District Court of Golden Valley County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Philip Axt, Solicitor General, Office of the Attorney General, Bismarck, ND, for appellant; submitted on brief.

**Crothers, Justice.**

[¶1]   The State appeals from a district court order deciding N.D.C.C. § 14-09-25(8) is unconstitutional. The statute permits the State to suspend or waive judgment interest on past-due child support payments. The court decided on its own initiative that the law authorizes unconstitutional takings of private property. The State argues the court erred because the parties did not present the issue. The party presentation principle requires that courts refrain from deciding constitutional questions not submitted by the litigants. We reverse the order and remand the case.

I

[¶2]   The Department of Health and Human Services sent Crystal Overbo notice it suspended judgment interest on past-due child support payments owed by her ex-husband, Aaron Overbo. The letter informed her the Department may "waive any remaining interest on past-due support owed" if Aaron Overbo was a "good payer" for at least one year. The notice cited N.D.C.C. § 14-09-25(8) as authority for its decision. That law states:

> "The child support agency may suspend or waive judgment interest on an arrearage as part of an amnesty program, as an incentive for satisfying a child support obligation or complying with a payment plan, or if the child support agency determines that the judgment interest is not collectible through commercially reasonable efforts. This subsection applies to judgment interest accruing before July 1, 2005, only if the arrearage is assigned to the child support agency under section 50-09-06.1 or 50-24.1-02.1 or if the obligee provides written consent. Any judgment interest that is suspended or waived under this subsection may be reinstated by the child support agency if the obligor has failed to comply with a payment plan."

The Department's notice advised Crystal Overbo she could challenge the decision by "request in writing" to the district court. She filed a letter with the district court objecting to the Department's action. She claimed there was an

"egregious difference" in the financial responsibilities between the parties, she alleged various expenses Aaron Overbo failed to pay, and she asserted he owed her spousal support that she could not collect. No party filed additional briefing.

[¶3] The district court held a hearing. Crystal Overbo appeared without counsel, Aaron Overbo was represented by his attorney, and a special assistant attorney general appeared on behalf of the State, which is a statutory real party in interest in child support proceedings. *See* N.D.C.C. § 14-09-09.26. A colloquy occurred between the court and the assistant attorney general:

> "THE COURT: Is there a constitutional problem with that, taking away her property without her consent?
>
> MS. GOULET: No, Your Honor, that is authorized also under state law.
>
> THE COURT: So state law can authorize Child Support to go ahead and require a person to forfeit some property that they're entitled to?
>
> MS. GOULET: Yes, Your Honor. After July 1st of 2005, anything that accrued after that date, the State is authorized to take. Prior to that date, she has to give her consent to any of the interest that accrued prior to that date. After that date, the State is allowed to take that.
>
> THE COURT And that—
>
> MS. GOULET: That is also in the notice that's been filed.
>
> THE COURT: —and that isn't taking property without just compensation?
>
> MS. GOULET: She's been noticed, Your Honor."

The hearing concluded with the Court advising the parties and the State:

> "THE COURT: Okay. Well, tell you what. Ms. Overbo, they may be correct that there isn't a constitutional problem. I just don't know. I'm going to take a look at their statute.

2

Ms. Goulet, I am a little concerned. I am a little concerned by what the State does on these things because that interest, if it's not being paid, it should go to those people. I mean—it should—it should be her property. And I'm not—I'm not comfortable with what the State's doing. So at this point, I just don't know. I'm going to take a look at the statute, and then I'll make a very, very short decision. This is all on the record. If you want to get addressed by the Supreme Court, you sure can."

[¶4]   The district court entered an order deciding N.D.C.C. § 14-09-25 violates the Fifth Amendment to the United States Constitution because it authorizes the State to take private property without just compensation. The court ordered the Department's decision "vacated and is void." The State appeals. Crystal Overbo and Aaron Overbo have not submitted appellate briefing. We have jurisdiction under N.D.C.C. §§ 28-27-02(5) and 14-05-25. *Thornton v. Klose*, 2010 ND 141, ¶ 8, 785 N.W.2d 891.

II

[¶5]   The State argues the district court's order should be reversed because neither party presented the issue of whether N.D.C.C. § 14-09-25(8) is constitutional. The State alternatively argues the law is constitutional because it does not authorize a taking of private property protected by the Fifth Amendment.

[¶6]   The standard for declaring a law unconstitutional is high. Under N.D. Const. art. VI, § 4, this Court "shall not declare a legislative enactment unconstitutional unless at least four of the members of the court so decide." A party challenging the constitutionality of a law must "make a strong case supported by both fact and law or 'forgo the claim.'" *Denault v. State*, 2017 ND 167, ¶ 16, 898 N.W.2d 452 (quoting *Weeks v. N.D. Workforce Safety & Ins. Fund*, 2011 ND 188, ¶ 8, 803 N.W.2d 601); *see also Bolinske v. Jaeger*, 2008 ND 180, ¶ 17, 756 N.W.2d 336 ("A party raising a constitutional challenge must bring up the 'heavy artillery' or forego the attack entirely.") (quoting *Effertz v. N.D. Workers' Comp. Bureau*, 481 N.W.2d 218, 223 (N.D. 1992)). Special procedural rules apply when a party brings a constitutional challenge. *See, e.g.*, N.D.R.Civ.P. 24(c)(2) (stating a party must give the attorney general notice when presenting a

3

constitutional question and the court must permit the attorney general to intervene on behalf of the State); *see also* N.D.R.App.P. 44 (stating a party questioning the constitutionality of a statute on appeal must give written notice to the attorney general "immediately upon the filing of the record or as soon as the question is raised").

[¶7]   The separation of powers created by our state and federal constitutions requires courts to exercise judicial restraint and constitutional avoidance. *See Barrios-Flores v. Levi*, 2017 ND 117, ¶ 35, 894 N.W.2d 888 (Sandstrom, S.J., concurring specially) ("[T]he doctrine of abstention absent necessity of deciding unresolved constitutional issues goes to the very heart of the constitutional system of separation of powers."); *see also N.D. Legislative Assembly v. Burgum*, 2018 ND 189, ¶¶ 84-85, 916 N.W.2d 83 (Crothers, J., concurring and dissenting) (stating that when constitutional analysis is necessary, "deference to the work of our co-equal branches of government requires that we proceed with great caution and circumspection"); *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Eng'g, P.C.*, 467 U.S. 138, 157 (1984) ("It is a fundamental rule of judicial restraint, however, that this Court will not reach constitutional questions in advance of the necessity of deciding them."); *Espeland v. Police Magistrate's Court of City of Grand Forks*, 49 N.W.2d 394, 399 (N.D. 1951) (explaining constitutional questions will not be addressed "unless such determination is absolutely necessary").

[¶8]   A corollary to the separation of powers is the party presentation principle. The judicial branch is a passive instrument of government. *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020). "[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Id.* (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). The principle is "supple, not iron clad," and in some circumstances, including instances where a criminal defendant is unrepresented, "a modest initiating role for a court is appropriate." *Id.* However, courts should not "pass upon constitutional questions unless properly before them" and then only to the extent "necessary to the determination of the cause" and not "at the instance of a stranger, but only on the complaint of those with the requisite interest." *McCoy v. Davis*, 164 N.W. 951, 952 (N.D. 1917). "The court should not of its own volition

4

go outside of the record and search for reasons for annulling a statute, nor should they conjure up theories to overturn and overthrow." *Hazelton-Moffit Special Sch. Dist. No. 6 v. Ward*, 107 N.W.2d 636, 646 (N.D. 1961); *see also State v. Blue*, 2018 ND 171, ¶ 19, 915 N.W.2d 122 ("Rather than ruling on an issue not raised or briefed by the parties, the district court should have presumed the constitutionality of a statute until it is clearly shown otherwise.").

[¶9]   The order in this case is similar to a ruling we reversed in *State v. Hansen*, 2006 ND 139, 717 N.W.2d 541. On its own initiative a district court raised constitutional questions about a law authorizing drug testing as a bail condition. *Id.* at ¶ 3. The defendant's attorney subsequently challenged the constitutionality of the law on the same grounds, and the court declared it unconstitutional. *Id.* at ¶ 4. On appeal, we explained the necessity of an "orderly process for the development of constitutional claims" that facilitates "deliberate and reasoned review of statutes, which requires that constitutional claims be properly raised." *Id.* at ¶¶ 10-11. We vacated the district court's order because it did not follow "established procedures" for resolving constitutional issues. *Id*. at ¶ 12.

[¶10] Similar to *Hansen*, the requisite process for constitutional review was not followed in this case. Crystal Overbo did not ask the district court to consider the constitutionality of N.D.C.C. § 14-09-25(8). She argued suspension and waiver of interest on past-due child support was inappropriate because of the parties' circumstances and history. The court did not address her assertions before invalidating the law. The State now raises a number of issues the district court did not analyze, including whether child support is a protected property interest. Jurisdictions have addressed that issue differently. *See, e.g., Williams v. Humphreys*, 125 F. Supp. 2d 881, 887 (S.D. Ind. 2000) (comparing North Carolina law with Indiana law). We do not have the benefit of adversarial briefing because the parties did not present the issue. While we currently take no position on the merits of the court's decision, its process of addressing an unraised constitutional issue disrupts the separation of powers between the branches of government and contravenes the party presentation principle.

## III

[¶11] The district court's order is reversed and the case is remanded.

[¶12] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr