2014 ND 173

**Andrew OLSEN, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20140009.

Supreme Court of North Dakota.

Aug. 28, 2014.

David D. Dusek, Grand Forks, N.D., for petitioner and appellant.

Kelly A. Dillon, Assistant State's Attorney, Minot, N.D., for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Andrew Olsen appealed from an order denying his application for post-conviction relief. Because we conclude as a matter of law the failure of Olsen's attorney to raise an issue of first impression on an unsettled question of law in North Dakota did not constitute ineffective assistance of counsel, we affirm the district court's order.

I

[¶ 2] On March 1, 2007, Olsen pled guilty to possession of visual representations that include sexual content in violation of N.D.C.C. § 12.1–27.2–04.1, which at the time was a class A misdemeanor for a first offense. *See* 1989 N.D. Sess. Laws ch. 169, § 7. The district court entered an order deferring imposition of sentence and placed Olsen on supervised probation for a period of two years. The court did not advise Olsen in the order or otherwise that he was required to register as a sexual offender. *See* N.D.C.C. § 12.1–32–15. Olsen completed the probation period without any violations, and on March 6, 2009, Olsen's guilty plea was withdrawn, the charge was dismissed, and the file was sealed as required by N.D.R.Crim.P. 32.1.

[¶ 3] On July 6, 2009, Olsen was charged with class C felony failure to register as a sexual offender in violation of N.D.C.C. § 12.1–32–15. Olsen posted a $1,000 bond and one of the conditions of release in the bail order was that he "must register with Minot Police Dept within 24 hours of posting bond." This charge was dismissed on the State's motion because Olsen had not been informed of the registration requirement when the order deferring imposition of sentence was entered on March 1, 2007. Olsen registered and continued to register as a sexual offender until 2011.

[¶ 4] On June 1, 2011, Olsen was again charged with class C felony failure to register as a sexual offender in violation of N.D.C.C. § 12.1–32–15. Olsen was represented by an attorney and, following a bench trial, he was found guilty and was sentenced to serve one year in jail with all but 90 days suspended for a period of one year of supervised probation. Olsen did not appeal from the criminal judgment.

[¶ 5] In March 2013, Olsen filed an application for post-conviction relief, claiming his attorney during the 2011 proceedings leading to his conviction was ineffective for failing to argue that he could not be found guilty for failure to register because his 2007 guilty plea had been withdrawn and the case dismissed under the procedure for deferred imposition of sentences contained in N.D.R.Crim. P. 32.1. The State moved for dismissal, arguing Olsen's attorney was not ineffective because 1995 amendments to N.D.C.C. § 12.1–32–15 made it clear that the registration requirement applied to offenders who received deferred imposition of sentences, and therefore, if Olsen's attorney had raised the issue, Olsen nevertheless would have been convicted. The district court agreed with the State's position and summarily dismissed Olsen's petition.

II

[¶ 6] Olsen argues the district court erred in denying his application for post-conviction relief.

[¶ 7] Olsen posits the issues differently on appeal than he did in his application for post-conviction relief. The application raised the single issue whether Olsen's attorney was ineffective for failing to assert that Olsen could not be found guilty because his 2007 guilty plea was withdrawn, the charge was dismissed, and the file was sealed in accordance with N.D.R.Crim.P. 32.1. On appeal, Olsen ar-

gues 1) he was not subject to the registration requirement because he successfully completed all conditions of his probation under the deferred imposition of sentence which resulted in automatic dismissal of the charge; and 2) he was denied effective assistance of counsel because his attorney in the 2011 proceedings failed to raise this issue. Had Olsen presented these two issues to the district court, the first argument would have been subject to the affirmative defense of misuse of process under N.D.C.C. § 29–32.1–12(2)(a) for presenting "a claim for relief which the applicant inexcusably failed to raise . . . in a proceeding leading to judgment of conviction and sentence." *See, e.g., Kinsella v. State,* 2013 ND 238, ¶ 19, 840 N.W.2d 625. The State in this case did not raise misuse of process as an affirmative defense, which is understandable because the only issue raised was ineffective assistance of counsel and this Court prefers that an ineffective assistance claim be brought in an application for post-conviction relief. *See, e.g., Moore v. State,* 2013 ND 214, ¶ 6, 839 N.W.2d 834. We address the claim as it was presented in Olsen's application for post-conviction relief.

■ [¶ 8] When we review a district court's decision in a post-conviction proceeding, questions of law are fully reviewable. *Dominguez v. State,* 2013 ND 249, ¶ 8, 840 N.W.2d 596. Our standard for reviewing a summary denial of an application for post-conviction relief is similar to our review of a summary judgment, which may be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Haag v. State,* 2012 ND 241, ¶ 4, 823 N.W.2d 749; *see also* N.D.C.C. § 29–32.1–09(3). A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts.

*Davis v. State,* 2013 ND 34, ¶ 9, 827 N.W.2d 8.

■ [¶ 9] In *Kinsella,* 2013 ND 238, ¶¶ 5–6, 840 N.W.2d 625, we explained:

In *Strickland v. Washington,* 466 U.S. 668, 687 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), the United States Supreme Court established the test for whether a convicted criminal defendant's ineffective assistance of counsel claim warrants a reversal of conviction. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must show that the deficient performance prejudiced his or her defense. *Id.* "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

This Court has stated that the "[e]ffectiveness of counsel is measured by an 'objective standard of reasonableness' considering 'prevailing professional norms.'" *DeCoteau v. State,* 2000 ND 44, ¶ 8, 608 N.W.2d 240 (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052). We have also explained:

Establishing both elements is a heavy burden and requires a defendant to both overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. This requires the defendant to demonstrate with specificity how and where trial counsel was incompetent, and it is probable a different result would have

been obtained had trial counsel not performed incompetently.

*Klose [v. State],* 2005 ND 192, ¶ 9, 705 N.W.2d 809 (citation omitted). In reviewing a trial counsel's conduct in an ineffective assistance of counsel claim, we are cognizant of limiting the "distorting effect of hindsight." *Garcia v. State,* 2004 ND 81, ¶ 5, 678 N.W.2d 568. Whether there has been ineffective assistance of counsel is a mixed question of law and fact that is fully reviewable by this Court. *Gaede v. State,* 2011 ND 162, ¶ 5, 801 N.W.2d 707.

[¶ 10] Generally, courts have held if an attorney fails to raise a claim that has undisputable merit under well-settled law, or a clear-cut and completely dispositive statutory defense, the attorney is ineffective for failing to raise it. *See, e.g., Reed v. State,* 856 N.E.2d 1189, 1197 (Ind.2006); *People v. Turner,* 5 N.Y.3d 476, 806 N.Y.S.2d 154, 840 N.E.2d 123, 126 (2005); *Ex parte Miller,* 330 S.W.3d 610, 624 (Tex.Ct.Crim.App.2009); *see also State v. Maloney,* 281 Wis.2d 595, 698 N.W.2d 583, 589 (2005) ("Ignorance of well-defined legal principles, of course, is nearly inexcusable"). However, "[w]hen the law is unsettled, the failure to raise an issue is objectively reasonable and therefore not deficient performance" for purposes of an ineffective assistance of counsel claim. *State v. Jackson,* 333 Wis.2d 665, 799 N.W.2d 461, 466 (Ct.App.2011); *see also Danks v. State,* 733 N.E.2d 474, 487 (Ind. Ct.App.2000) ("because the law was (and is) unsettled on this issue, it was not ineffective assistance to not" raise it); *Ross v. State,* 16 So.3d 47, 60 (Miss.Ct.App.2009) (noting " '[c]ounsel is not required to object and argue a point of law that is unsettled' ") (internal citation omitted); *State v. Bennett,* 415 S.W.3d 867, 869 (Tex.Ct. Crim.App.2013) ("we have repeatedly declined to find counsel ineffective for failing

to take a specific action on an unsettled issue") (footnote omitted); *Rodriguez v. State,* 336 S.W.3d 294, 302 (Tex.Ct.App. 2010) ("It. is universally recognized that because 'the law is not an exact science and it may shift over time,' 'an attorney is not liable for an error in judgment on an unsettled proposition of law.' ") (internal citation omitted); *In re Kirby,* 192 Vt. 640, 58 A.3d 230, 235 (2012) ("Where the theory of law is untested or unsettled, counsel cannot be faulted for failing to raise every possible defense—this is both an unduly heavy and impractical burden."); *cf. Olson v. Fraase,* 421 N.W.2d 820, 832 n. 8 (N.D.1988) (noting in the context of legal malpractice an attorney might not be liable "for advising a client on an unsettled or debatable issue of law in this jurisdiction"). Basing an ineffective assistance claim on law "that is unsettled at the time of counsel's actions 'would be to engage in the kind of hindsight examination of effectiveness of counsel the Supreme Court expressly disavowed in *Strickland.*' " *Vaughn v. State,* 931 S.W.2d 564, 567 (Tex.Ct.Crim. App.1996); *see also Maloney,* at 591. If the law "can be reasonably analyzed in two different ways, then the law has not been settled." *State v. McMahon,* 186 Wis.2d 68, 519 N.W.2d 621, 628 (Ct.App.1994); *cf. State v. Duncan,* 2011 ND 85, ¶ 16, 796 N.W.2d 672 (issue was "unsettled" where there was "case law both supporting and opposing" the proposition).

[¶ 11] Olsen argues he was not required to register as a sexual offender because he received a deferred imposition of sentence in 2007 and, under N.D.R.Crim.P. 32.1, his case file was automatically sealed 61 days after he satisfied all conditions of probation. The dismissal of the case and sealing of the file, Olsen contends, "in essence acted as though such a conviction had not taken place or ever existed." Olsen argues although N.D.C.C.

§ 12.1–32–15 was amended in 1995 to provide the registration period for a person who has pled guilty would run for ten years after "the date of sentence or order deferring or suspending sentence upon a plea or finding of guilt," 1995 N.D. Sess. Laws ch. 139, § 1 (currently codified at N.D.C.C. § 12.1–32–15(8)), his offense was not a registerable offense at the time of disposition and the district court did not impose a requirement to register. Olsen further asserts the court had an affirmative duty under N.D.C.C. § 12.1–32–15(2) to state on the record whether a person has a registration requirement and, because the court has discretion under N.D.C.C. § 12.1–32–15(2)(b) to impose a registration requirement in the case of misdemeanors, the court's failure to specifically impose a registration requirement means he was never required to register. Olsen also contends that if there is a conflict between N.D.R.Crim.P. 32.1 and N.D.C.C. § 12.1–32–15, the "court rule must prevail over the legislative rule," and under N.D.R.Crim.P. 32.1 and "N.D.C.C. § 12.1–32–07.2," he was "released from all penalties and disabilities resulting from the offense."

[¶ 12] The State argues Olsen's deferred imposition of sentence did not excuse him from registering because N.D.R.Crim.P. 32.1 must be read in conjunction with N.D.C.C. § 12.1–32–07.1(2), which states that upon successful completion of probation "[t]he defendant must then be released from all penalties and disabilities resulting from the offense or crime of which the defendant has been convicted *except as provided by sections 12.1–32–15* and 62.1–02–01." (Emphasis added). The State argues this Court, in construing procedural rules and statutes, seeks to harmonize them, *see State v. Ebertz*, 2010 ND 79, ¶ 11, 782 N.W.2d 350, and N.D.C.C. § 12.1–32–07.1(2) can be harmonized with N.D.R.Crim.P. 32.1 to

subject Olsen to the registration requirements of N.D.C.C. § 12.1–32–15. *See also Farm Credit Bank v. Huether*, 454 N.W.2d 710, 713 (N.D.1990) (recognizing that court rules of procedure only supersede procedural statutes, not substantive statutes). The State also argues Olsen was required to register even though the district court did not specifically order him to do so based on the language currently appearing in N.D.C.C. § 12.1–32–15(3)(b) and (8) and this Court's decision in *State v. Rubey*, 2000 ND 119, ¶¶ 6–11, 611 N.W.2d 888. The State contends Olsen did not raise in the district court the issue about a court's discretion to impose registration on misdemeanants, and this Court should refuse to consider it on appeal.

[¶ 13] The district court agreed with the State that the 1995 amendment adding "order deferring or suspending sentence" currently found in N.D.C.C. § 12.1–32–15(8) was "clear" and "brings within its reach those individuals for whom sentence is deferred." In arriving at its decision, the court was "influenced" by cases from other jurisdictions holding that defendants who receive deferred impositions of sentences are required to register. *See Dubois v. Abrahamson*, 214 P.3d 586 (Colo. Ct.App.2009); *State v. Brothers*, 133 N.M. 36, 59 P.3d 1268 (Ct.App.2002); *State v. Thompson*, 174 Vt. 172, 807 A.2d 454 (2002). The district court also noted that once the court in the 2009 proceedings "established registration as one of the bond conditions ..., Olsen was put on notice he was obligated to comply with the registration requirement—and, by all indications, Olsen did in fact comply until" 2011.

[¶ 14] We need not resolve the apparent conflict between N.D.R.Crim.P. 32.1 and N.D.C.C. § 12.1–32–15 and the other statutes argued by the parties. We need only decide whether Olsen's attorney was

deficient for failing to raise the issue. The issue is a question of first impression in this jurisdiction, and both sides have proffered reasonable analyses. The law is not settled. We conclude "the area is murky enough that counsel was not deficient for failing to raise the issue." *McMahon*, 519 N.W.2d at 628.

[¶ 15] Because Olsen as a matter of law has not shown that his attorney's performance was deficient, we conclude the district court did not err in summarily dismissing his application for post-conviction relief.

### III

[¶ 16] The district court's order is affirmed.

[¶ 17] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.