**FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JULY 22 2021
STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 132

Travis Eugene Yoney,                                    Petitioner and Appellant

   v.

State of North Dakota,                                 Respondent and Appellee

### No. 20200359

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Gary H. Lee, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and Justices VandeWalle and Crothers joined. Justice McEvers filed an opinion concurring and dissenting.

Kiara C. Kraus-Parr, Grand Forks, N.D., for petitioner and appellant.

Todd A. Schwarz, Assistant State's Attorney, Minot, N.D., for respondent and appellee.

# Yoney v. State
## No. 20200359

**Tufte, Justice.**

[¶1]   Travis Yoney appeals from a district court order summarily dismissing his application for postconviction relief. He argues he received ineffective assistance of counsel because his attorney's proposed jury instructions for attempted murder included the culpability of "knowingly," which Yoney claims is a non-cognizable offense. We recently held in *Pemberton v. State*, 2021 ND 85, ¶ 13, 959 N.W.2d 891, that attempted knowing murder is not a cognizable offense. We conclude Yoney failed to demonstrate he received ineffective assistance of counsel. However, on the basis of *Pemberton*, we reverse the order and remand with instructions to vacate Yoney's attempted murder conviction.

I

[¶2]   In 2019, a jury found Yoney guilty of numerous crimes, including burglary, attempted murder, terrorizing, reckless endangerment, unlawful possession of a firearm, and violation of an order prohibiting contact. The district court sentenced Yoney to thirty years in prison.

[¶3]   On appeal, Yoney argued attempt to knowingly commit murder was a non-cognizable offense. *State v. Yoney*, 2020 ND 118, ¶ 5, 943 N.W.2d 791. Yoney challenged the district court's attempted murder jury instruction stating he acted to "intentionally or knowingly cause the death of John Doe." *Id.* at ¶ 6. We declined to address the argument, holding Yoney invited the error because he submitted a jury instruction for attempted murder with the culpability of "knowingly." *Id.* at ¶¶ 12-13.

[¶4]   Yoney applied for postconviction relief, claiming ineffective assistance of counsel. He alleged his attorney submitted a defective jury instruction that included "knowingly" as a culpability for attempted murder. Yoney argued attempted murder is a specific intent crime and he could not have been convicted of attempted murder while acting "knowingly." Yoney also asserted his attorney was ineffective because he conceded guilt without Yoney's approval. Yoney requested that the court vacate his conviction.

1

[¶5]   The State responded to Yoney's application and moved for summary dismissal. The State argued Yoney's counsel was not constitutionally ineffective and any alleged deficient performance by his counsel did not prejudice him. The district court summarily dismissed Yoney's application for postconviction relief.

## II

[¶6]   Postconviction relief proceedings are civil proceedings governed by the North Dakota Rules of Civil Procedure. *Myers v. State*, 2017 ND 66, ¶ 7, 891 N.W.2d 724. A district court may summarily dismiss an application for postconviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. N.D.C.C. § 29-32.1-09(3). We review an appeal from summary dismissal of an application for postconviction relief as we would review an appeal from a summary judgment. *Myers*, at ¶ 7. If the State moves for summary dismissal, an applicant must present competent admissible evidence by affidavit or other comparable means which raises a genuine issue of material fact. *Henke v. State*, 2009 ND 117, ¶ 11, 767 N.W.2d 881. The party opposing a motion for summary dismissal is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Myers*, at ¶ 7.

## III

[¶7]   Yoney claims the district court erred in summarily dismissing his application for postconviction relief, because he received ineffective assistance of counsel in the underlying criminal proceeding.

> The Sixth Amendment of the United States Constitution, applied through the Fourteenth Amendment to the States, and Article I, Section 12, of the North Dakota Constitution guarantee criminal defendants effective assistance of counsel. *State v. Garge*, 2012 ND 138, ¶ 10, 818 N.W.2d 718. An ineffective assistance of counsel claim involves a mixed question of law and fact, fully reviewable by this Court. *Flanagan [v. State]*, 2006 ND 76, ¶ 9, 712 N.W.2d 602. In order to prevail on a post-conviction claim for ineffective assistance of counsel, an applicant must show (1)

2

counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-96, 694 (1984). An applicant raising a post-conviction claim for ineffective assistance of counsel has the "heavy burden" of establishing the requirements of the two-prong *Strickland* test. *Flanagan*, at ¶ 10.

*Olson v. State*, 2019 ND 135, ¶ 19, 927 N.W.2d 444 (quoting *Everett v. State*, 2015 ND 149, ¶ 7, 864 N.W.2d 450).

### A

[¶8]   Yoney argues his attorney was ineffective by submitting an improper jury instruction for attempted murder. He asserts the instruction that included the culpability of "knowingly" allowed him to be convicted of a non-cognizable offense. Yoney argues attempted knowing murder is a non-cognizable offense under this Court's decision in *State v. Swanson*, 2019 ND 181, 930 N.W.2d 645.

[¶9]   In *Swanson*, 2019 ND 181, ¶ 13, this Court concluded "the term knowingly, when used in conjunction with N.D.C.C. § 12.1-16-01(1)(a), permits an individual to be convicted of a murder when they did not have the purpose (synonymous with intent) to cause the death of another human being." We held "[c]onspiracy to 'knowingly' commit a murder is a non-cognizable offense because it allows an individual to be convicted of the offense without an intent to cause the death of another human being." *Id.* at ¶ 15. We also stated, "Because the inclusion of 'knowingly' in the jury instruction allowed the jury to convict Swanson of conspiracy to commit murder without an intent to cause the death of another human being, the instruction was improper and allowed Swanson to have potentially been convicted of a non-cognizable offense." *Id.* at ¶ 14.

[¶10] While Yoney's present appeal was pending, we held in *Pemberton v. State,* 2021 ND 85, ¶ 13, 959 N.W.2d 891, that "an attempted 'knowing' murder is a non-cognizable offense." The attempted murder jury instruction at issue was similar to the one in Yoney's case, stating Pemberton "[a]ttempted to

intentionally or knowingly cause the death of another human being." *Id.* at ¶ 15. We stated:

> Because the offense of attempted murder requires the accused to have the intent to complete the commission of the underlying crime by causing the death of another and a "knowing" murder under N.D.C.C. § 12.1-16-01(1)(a) does not require the accused to have the intent to cause the death of another, a "knowing murder" cannot be the basis for an attempted murder conviction.

*Id.* at ¶ 13. We concluded the attempted murder instruction with "knowingly" as a culpability "allowed the jury to find Pemberton guilty of a non-cognizable offense." *Id.* at ¶ 17. We reversed the district court's order denying Pemberton's application for postconviction relief. *Id.* at ¶ 28.

[¶11] *Swanson* was decided after Yoney's trial and was the first case to address the statutory definition of "knowingly" under N.D.C.C. § 12.1-02-02 in conjunction with conspiracy and N.D.C.C. § 12.1-16-01(1)(a). In *Dominguez v. State*, 2013 ND 249, ¶ 22, 840 N.W.2d 596, decided before Yoney's trial, this Court held the offense of attempted murder under N.D.C.C. § 12.1-16-01(1)(b), extreme indifference murder, is a non-cognizable offense. We held the offense of attempted murder requires the accused to have "an intent to kill." *Id.* This Court also noted, "When there is evidence of an intent to kill, a person can be convicted of attempted murder under N.D.C.C. §§ 12.1-06-01 and 12.1-16-01(1)(a) for attempting to knowingly or intentionally cause the death of another human being." *Id.* at ¶ 19; *see also Pemberton*, 2021 ND 85, ¶ 14 (noting that although the statement in *Dominguez* may have been overly broad by including the word "knowingly," this Court was clear that the state must prove the accused had an intent to kill).

[¶12] At the time Yoney's counsel submitted the proposed jury instruction, this Court's statement in *Dominguez*, 2013 ND 249, ¶ 19, suggesting a person can be convicted of attempted murder under N.D.C.C. § 12.1-16-01(1)(a) for attempting to knowingly or intentionally cause the death of another had not yet been further explained by our decisions in *Swanson* and *Pemberton*. We cannot conclude Yoney has shown his counsel's representation fell outside the broad range of reasonableness for submitting an attempted murder jury

4

instruction that included the culpability of "knowingly." The district court did not err in concluding Yoney received effective assistance of counsel.

B

[¶13] Yoney argues his attorney was ineffective because he admitted guilt on his behalf without his consent. Yoney contends his attorney conceded guilt at trial during his Rule 29 motion for acquittal by stating Yoney violated a protection order. Yoney also claims that during closing argument his attorney conceded that Yoney may have had a rifle, but that he never pointed the rifle at John Doe.

[¶14] The district court concluded the attorney's alleged concessions made at the Rule 29 motion were made outside the presence of the jury and would not have affected the outcome of the case. The court concluded the attorney's statement during closing argument that Yoney had a rifle was a trial strategy:

> In this case, the cards given to attorney Migdal included the fact that a bullet was fired from outside, and into John Doe's home. A second bullet was fired inside the home, through the ceiling. A third card was that virtually all of the evidence established that it was Travis Yoney who possessed the rifle and who fired it.
>
> What was attorney Migdal to do? He could not just ignore the facts and say they did not exist. He could not argue mistaken identity. The police responded to the scene and found Travis Yoney still in John Doe's residence. He could not ethically and in good faith argue some fantastical theory of the case that had no basis in fact or law. How then to best play the cards dealt ethically, in good faith, and with a modicum of credibility before a jury? These are questions of trial strategy and tactics that a lawyer, not the client, controls.
>
> . . . .
>
> Travis Yoney asserts that attorney Migdal's concession that he possessed a rifle, but did not point it [at] John Doe fell below reasonable standards. A review of the transcript reveals that attorney Migdal, faced with the overwhelming evidence that it was Travis Yoney who came to John Doe's residence armed with a rifle,

5

and who fired it into John Doe's home, attempted to convince the jury that Travis Yoney did not point the firearm [at] John Doe in order to negate an argument of intent to murder. He further suggested that Travis Yoney may have possessed the firearm as a measure of self-defense. To the extent that any concession was made, it was done without admission that Travis Yoney intended to kill anyone. The argument was made in an effort to negate intent. This is permissible.

[¶15] We agree with the district court's conclusion that Yoney was not prejudiced by his attorney's trial strategy. *See United States v. Rosemond*, 958 F.3d 111, 122 (2d Cir. 2020) (stating that when there is overwhelming evidence against a defendant, counsel may make certain concessions without prejudicing the defendant). Additionally, Yoney did not present competent admissible evidence demonstrating he specifically instructed his attorney to pursue a different trial strategy. The court appropriately granted summary dismissal.

## IV

[¶16] While we agree with the district court that Yoney did not receive ineffective assistance of counsel, we must determine what impact our decision in *Pemberton* has on his argument that attempted knowing murder is a non-cognizable offense. In Yoney's direct appeal, he raised the same argument we addressed in *Pemberton* about whether attempt to knowingly commit murder was a non-cognizable offense. *Yoney*, 2020 ND 118, ¶ 5. However, we declined to address the argument, concluding Yoney invited the error because his attorney submitted a jury instruction for attempted murder with the culpability of "knowingly." *Id.* at ¶¶ 12-13.

[¶17] At the time of Yoney's April 2019 trial, it was not clearly established that attempted knowing murder was a non-cognizable offense. *See State v. Lott*, 2019 ND 18, ¶ 8, 921 N.W.2d 428 ("There is no obvious error when an applicable rule of law is not clearly established."); *see also Bell v. State*, 1998 ND 35, ¶ 34, 575 N.W.2d 211 (stating waived error may provide the basis for reversal if it constitutes obvious error affecting a substantial right). Just as Pemberton was prejudiced because the attempted murder instruction with

6

"knowingly" as a culpability allowed the jury to find him guilty of a non-cognizable offense, we conclude Yoney was prejudiced in the same manner.

[¶18] This Court, on its own motion, may "notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings." *State v. Whitman*, 2013 ND 183, ¶ 10, 838 N.W.2d 401 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)). To deny Yoney the postconviction relief granted to Pemberton would seriously affect the fairness, integrity, and public reputation of the criminal jury trial. *See Coppage v. State*, 2014 ND 42, ¶¶ 30, 34-35, 843 N.W.2d 291 (noticing obvious error and granting postconviction relief on the basis of the *Dominguez* decision); *Whitman*, at ¶¶ 11, 18 (reversing conviction for non-cognizable offense on the basis of *State v. Borner*, 2013 ND 141, 836 N.W.2d 383 despite appellant's failure to raise issue). As we did in *Whitman* and *Coppage*, in the context of convictions for non-cognizable offenses, we exercise our discretion to notice this error on the basis of our decision in *Pemberton* and reverse the district court's order denying postconviction relief. We grant Yoney postconviction relief under N.D.C.C. § 29-32.1-01(1)(a), vacate the amended criminal judgment for attempted murder, and remand for a new trial on that charge.

V

[¶19] Yoney's remaining arguments are without merit or not necessary to our decision. We agree with the district court's order to the extent the court denied Yoney's application for postconviction relief on the grounds of ineffective assistance of counsel; however, we reverse the order and remand with instructions to vacate Yoney's attempted murder conviction.

[¶20] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Jerod E. Tufte

**McEvers, Justice, concurring and dissenting.**

[¶21] I agree with the majority opinion's conclusion that the district court did not err in concluding Yoney did not meet his burden of proving ineffective assistance of counsel regarding the jury instruction submitted by his trial attorney. Majority, at ¶ 12. While allegations of ineffective assistance of counsel usually merit an evidentiary hearing, Yoney's claim fails as a matter of law. The court, citing cases from other jurisdictions, concluded defense attorneys are not ineffective for failing to be clairvoyant or for failing to anticipate a change in existing law. *See State v. Sanders*, 855 N.W.2d 350 (Neb. 2014); *Lee v. State*, 91 N.E.3d 978 (Ind. Ct. App. 2017); *Felton v. State*, 753 S.W.2d 34 (Mo. Ct. App. 1988). *See also Olsen v. State*, 2014 ND 173, ¶ 10, 852 N.W.2d 372 ("when the law is unsettled, the failure to raise an issue is objectively reasonable and therefore not deficient performance for purposes of an ineffective assistance of counsel claim").

[¶22] I also agree that it was obvious error to instruct the jury that Yoney could be convicted of "knowingly" attempting to murder, which is a non-cognizable offense. Majority, at ¶ 18. However, it could not have been obvious to the district court, when at the time the trial was held, and at the time the court decided Yoney's application for post-conviction relief, this Court had not yet decided *Pemberton v. State,* 2021 ND 85, 959 N.W.2d 891, the first case stating a person cannot commit an attempted knowing murder. *See State v. Martinez*, 2021 ND 42, ¶ 69, 956 N.W.2d 772 (McEvers, J., dissenting) (stating we should not expect our trial courts to be clairvoyant regarding newly announced standards established by this Court). It is only obvious to us on this appeal based on the holding in *Pemberton.* In addition, as I explained in my separate opinion in *Pemberton*, ¶¶ 30-35, I would remand the case to the district court to determine whether the error in this case is harmless.

[¶23] Not all constitutional errors require automatic reversal; rather the State must "prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Clark v. State*, 2001 ND 9, ¶ 15, 621 N.W.2d 576. We have said "a conviction does not have to be set aside automatically if the jury is instructed on multiple theories of guilt and one of the theories is invalid." *Dominguez v. State*, 2013 ND 249, ¶ 26, 840 N.W.2d

8

596. In this case, the district court described the evidence against Yoney as "overwhelming"—"overwhelming evidence that it was Travis Yoney who came to John Doe's residence armed with a rifle, and who fired it into John Doe's home." Yoney's appellate post-conviction counsel concedes in the appellate brief, "According to testimony at trial, on August 23, 2018, Mr. Yoney went to the home of Mr. John Doe and Ms. Jane Doe. A shot was fired into the home. Testimony indicated he then broke into the house and pointed the rifle at John Doe. John Doe tackled Mr. Yoney, and the rifle fired into the ceiling." In closing, the prosecutor did not argue Yoney should be convicted of "attempted knowing murder," rather she argued to the jury:

> Basic rule of firearm handling, you don't point a firearm at anything you don't intend to kill. . . .
>
> Again, we can't look into someone's head to determine their intent, so we have to look at all the facts and circumstances surrounding their actions. Pointing a firearm at someone's head shows intent to kill, particularly when that firearm is loaded. . . . I submit to you [that] carrying a firearm with a 10-round magazine certainly is indicative of intent to kill and pointing that rifle at [John Doe]. Going over there with that gun is a substantial step towards inflicting murder—committing murder. Pointing it at his head— if going there with a firearm was not a substantial step, then certainly pointing it at him is a substantial step.

As we did in *Dominguez*, I would remand the case to the district court to determine whether the State has proven that the error in this case was harmless beyond a reasonable doubt.

[¶24] I also agree that Yoney's claims concerning the concessions his attorney allegedly made against his wishes were properly dismissed. Majority, at ¶ 15. However, I write separately on this issue to emphasize counsel cannot admit guilt to an offense over his or her client's objection—as a matter of trial strategy or otherwise. *See Truelove v. State*, 2020 ND 142, ¶ 8, 945 N.W.2d 272. The Sixth Amendment to the United States Constitution protects a defendant's right to make fundamental choices about his or her defense. *McCoy v. Louisiana*, 138 S.Ct. 1500, 1508 (2018). "When a client expressly asserts that the objective of [his defense] is to maintain innocence of the

9

charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." *Id.* at 1509; *see also Truelove*, at ¶ 8.

[¶25] The majority opinion affirms the district court's dismissal of Yoney's claim concerning the concessions by agreeing with the "district court's conclusion that Yoney was not prejudiced by his attorney's trial strategy." Majority, at ¶ 15. The majority cites *United States v. Rosemond*, 958 F.3d 111, 122 (2d Cir. 2020) for the proposition that trial counsel may make certain strategic concessions in the face of overwhelming evidence. However, as the *Rosemond* court noted, those "certain" strategic concessions—such as admitting to an element of an offense—are permissible "when the attorney does not concede his client's guilt." *Id.* at 121. "[E]ven in the face of overwhelming evidence of his guilt" a defendant maintains the right to make fundamental choices about his defense, "including whether to persist in maintaining his innocence." *Id.* at 120 (quoting *McCoy*, 138 S.Ct. at 1508, 1511) (quotation marks omitted).

[¶26] In this case, Yoney argued his attorney conceded his guilt against his wishes to two charges—prohibited possession of a firearm and violation of an order prohibiting contact. There is evidence in the criminal case record that his counsel did concede guilt to at least one of these charges. In closing argument, Yoney's counsel admitted: "Yes, he violated the protection order." However, Yoney has not identified or put forth any evidence his counsel's strategy was against his wishes or over his objection. I would affirm the summary dismissal of Yoney's claim solely on the basis that he has not presented any competent admissible evidence that he instructed his attorney not to make the concessions he now complains about—regardless of whether or not the strategy may have prejudiced Yoney. To do otherwise suggests the district court inappropriately weighed the evidence. If that was the case, Yoney should have been granted an evidentiary hearing, rather than having his claim of ineffective assistance of counsel summarily dismissed.

[¶27] Lisa Fair McEvers