FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
APRIL 14, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 76

Abdulrahman Ibrahim Ali,                                    Petitioner and Appellant

v.

State of North Dakota,                                    Respondent and Appellee

### No. 20210335

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Benjamin C. Pulkrabek, Mandan, ND, for petitioner and appellant; submitted on brief.

Ryan J. Younggren and Nicholas S. Samuelson, Assistant State's Attorneys, Fargo, ND, for respondent and appellee; submitted on brief.

**Crothers, Justice.**

[¶1] Abdulrahman Ibrahim Ali appeals from an order granting summary disposition of his application for postconviction relief. In 2017, Ali was convicted of gross sexual imposition, kidnapping, aggravated assault, and two counts of terrorizing. Ali subsequently filed a direct appeal and a postconviction relief application, which were denied by the district court and affirmed by this Court. *State v. Ali*, 2018 ND 87, 909 N.W.2d 112; *Ali v. State*, 2019 ND 121, 926 N.W.2d 706.

[¶2] In 2021, Ali filed his second application for postconviction relief. The State moved for summary disposition arguing, in part, Ali's application was barred because of the statute of limitations. The district court granted the State's motion and dismissed the case. Ali argues the district court erred in dismissing his application because mental disease precluded timely filing the application.

[¶3] The district court may grant a motion for summary disposition of a postconviction relief application if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. N.D.C.C. § 29-32.1-09(3). "If the State moves for summary dismissal, an applicant must present competent admissible evidence by affidavit or other comparable means which raises a genuine issue of material fact." *Yoney v. State*, 2021 ND 132, ¶ 6, 962 N.W.2d 617. Here, after the State moved for summary disposition, Ali failed to respond. Because Ali failed to present competent admissible evidence demonstrating a genuine issue of material fact, the district court did not err in summarily dismissing. We affirm.

[¶4]    Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte

1