# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2022 ND 188

Ryan Walter Kratz,

Petitioner and Appellant

v.

State of North Dakota,

Respondent and Appellee

### No. 20220087

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Mark T. Blumer, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice, in which Justices VandeWalle, McEvers, and Tufte joined. Justice Crothers filed an opinion concurring specially.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Frederick R. Fremgen, State's Attorney, Jamestown, ND, for respondent and appellee.

**Jensen, Chief Justice.**

[¶1]   Ryan Kratz appeals from a judgment after the district court denied his motion seeking to correct an illegal sentence and dismissed his application for post-conviction relief. The court held Kratz had failed to sufficiently support his application and found it would not be equitable for the application to be heard pursuant to the fugitive disentitlement doctrine. We affirm the dismissal of the application for post-conviction relief.

I

[¶2]   In 2018 Kratz pled guilty to terrorizing, a class C felony, and was sentenced to one year and one day of incarceration. The sentence required him to serve 20 days of the incarceration with the balance suspended for 18 months during which time Kratz was ordered to participate in supervised probation.

[¶3]   In 2019 the State petitioned to revoke Kratz's probation. In November 2020 Kratz admitted to some of the petition's allegations, the district court revoked his probation, and Kratz was resentenced. The new sentence imposed 18 months of incarceration and Kratz was given credit for 23 days of prior incarceration. Following his resentencing, Kratz failed to report to the correctional center to serve the period of incarceration. The court issued a warrant for his arrest, which remains active.

[¶4]   Kratz appealed the revocation of his probation. *See State v. Kratz*, Dist. Ct. No. 47-2018-CR-00454 (S. Ct. No. 20200334). The State moved to dismiss the appeal asserting it would not be equitable for Kratz to proceed while still a fugitive, citing to the fugitive disentitlement doctrine. Before this Court ruled on the State's motion to dismiss, Kratz voluntarily dismissed his appeal.

[¶5]   In March 2021 Kratz filed an application for post-conviction relief asserting two claims. First, Kratz claimed he had received ineffective assistance of counsel during his probation revocation hearing when, after the district court imposed an illegal sentence following the revocation of his

probation, his attorney failed to preserve the issue of the illegal sentence. Second, he claimed his guilty plea was not voluntary because he was not told, upon revocation of his probation, he could receive a sentence greater than the suspended sentence under this Court's pre-*Dubois* interpretation of N.D.C.C. § 12.1-32-07(6). *See Dubois v. State*, 2021 ND 153, 963 N.W.2d 543.

[¶6] In April 2021 the State moved to dismiss the post-conviction relief proceedings based on misuse of process and on the fugitive disentitlement doctrine. The State also moved for summary dismissal of Kratz's application. In late April 2021 Kratz filed responses opposing the State's motions to dismiss and for summary dismissal and also requested the district court to abstain from holding an evidentiary hearing until after this Court's then-pending decision in the *Dubois* case.

[¶7] Subsequent to Kratz's probation revocation and resentencing and after he had filed his post-conviction relief application, this Court issued its decision in *Dubois*, 2021 ND 153. Our decision in *Dubois* held that N.D.C.C. § 12.1-32-07(6) unambiguously restrained a district court's authority in probation revocation cases to the imposition of the sentence initially imposed but suspended. We note the legislature has amended N.D.C.C. § 12.1-32-07(6) to remove that restraint. *See* 2021 N.D. Sess. Laws ch. 111, § 1 (effective August 1, 2021).

[¶8] In September 2021 Kratz moved for "summary judgment" in his post-conviction relief case arguing the district court, in resentencing him after revoking his probation, had imposed an illegal sentence under this Court's decision in *Dubois*, 2021 ND 153. The State opposed his motion while conceding the resentencing following the revocation of Kratz's probation imposed an illegal sentence. In November 2021 the district court held a hearing on his motion. Kratz was absent from the hearing and unavailable to give sworn support for his allegations.

[¶9] The district court resolved the pending motions by denying Kratz's motion for summary judgment, determining Kratz had failed to adequately support his claims, and subsequently dismissing Kratz's application due to

fugitive disentitlement. In applying the fugitive disentitlement doctrine, the court found Kratz remains a fugitive from justice and it was not equitable to allow Kratz to proceed with his application for post-conviction relief while he continued to be a fugitive.

## II

[¶10] Kratz argues the district court erred in dismissing his application for post-conviction relief by finding he had failed to provide sufficient support in his pleadings to prevail on his claims. He also argues the court erred in denying his motion for summary judgment seeking to correct the illegal sentence. Kratz argues his sentence following the revocation of probation is illegal under our decision in *Dubois*, the State concedes the sentence is illegal, and the district court was compelled to correct the illegal sentence.

## A

[¶11] Kratz asserted the following two specific grounds for relief in his application for post-conviction relief:

a. Mr. Kratz did not receive effective assistance of counsel when his attorney, Scott Sandness, did not preserve the issue of an illegal sentence during his probation revocation hearing.

b. Mr. Kratz's plea of guilty was not made voluntarily because he did not understand the consequences of the plea. Mr. Kratz was not represented by counsel and was not informed by the Court that he could be resentenced to up to five years if he plead [sic] guilty upon a finding that he violated his probation.

Although permissible under N.D.C.C. § 29-32.1-01(1)(a) and (d), Kratz's application did not assert the sentence imposed following the revocation was imposed in violation of the law or not authorized by law. The first assertion is that his counsel was ineffective during the revocation proceedings and the second assertion is that his plea of guilty was not made voluntarily. Kratz did not move to amend his post-conviction relief application to directly attack his

sentence following the revocation of his probation, and he has not filed a request for relief to correct the illegal sentence in *State v. Kratz*, No. 47-2018-CR-00454, the underlying criminal case. In September 2021 he moved for "summary judgment" on the application, asserting what is a new claim for relief, not previously pled within his application, based on this Court's decision in *Dubois*, 2021 ND 153.

[¶12] Our review of a claim of ineffective assistance of counsel is well established: "To prevail on a claim for ineffective assistance of counsel, the applicant must show: (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thomas v. State*, 2021 ND 173, ¶ 7, 964 N.W.2d 739 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "The question of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal." *Thomas*, at ¶ 7.

[¶13] At the time *Kratz* pled guilty and at the time of his revocation hearing, this Court had not yet issued its opinion in *Dubois* holding that N.D.C.C. § 12.1-32-07(6) unambiguously restrained a district court's authority in probation revocation cases to the imposition of the sentence initially imposed but suspended. To the contrary, before our decision in *Dubois*, this Court had "long held that the current provisions of N.D.C.C. § 12.1-32-07(6) allow a district court to impose any sentence available at the initial time of sentencing." *State v. Dubois*, 2019 ND 284, ¶ 9, 936 N.W.2d 380.

[¶14] Kratz's first claim for post-conviction relief is an assertion his revocation counsel should have prospectively anticipated this Court's decision in *Dubois* by asserting the sentence imposed after his probation was revoked was illegal. However, this Court has previously recognized "[c]ounsel's failure to raise a novel or groundbreaking legal claim does not constitute ineffective assistance of counsel." *Dubois*, 2021 ND 153, ¶ 8 (citing *Yoney v. State*, 2021 ND 132, ¶ 12, 962 N.W.2d 617 (counsel's submission of jury instruction that was consistent with precedent was not ineffective assistance)); *accord Ragland v. United States*, 756 F.3d 597, 601 (8th Cir. 2014) (counsel's failure to raise a

"novel argument" did not render his performance constitutionally ineffective); *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (counsel's decision to not raise issue unsupported by precedent did not constitute ineffective assistance). Therefore, the district court did not err in finding Kratz failed to sufficiently support his claim for ineffective assistance of counsel when that claim was premised on his counsel's failure to argue an interpretation of N.D.C.C. § 12.1-32-07(6) not yet recognized by this Court and contrary to its prior precedent.

[¶15] Kratz's second claim for post-conviction relief was a request to withdraw his guilty plea asserting he was not made aware at the time of his guilty plea that he could be resentenced to a period of incarceration greater than the suspended sentence. Like his first claim, Kratz did not seek relief from an illegal sentence under N.D.C.C. § 29-32.1-01(1)(a) and (d) in the post-conviction relief application. In its order denying Kratz summary disposition, the district court held Kratz had provided no support for his claim of an involuntary guilty plea as the basis for a withdrawal of his guilty plea. The court also noted that his application for post-conviction relief had not been verified by Kratz or anyone else. The court explained:

> The court has been unable to find and neither party has pointed to an affidavit that was supplied in support of Kratz's allegations in his application for post[-]conviction relief. Kratz did not appear in person or by reliable electronic means at the hearing on the motion for summary judgment and was therefore not able to clarify or provide any sworn support for his application.

[¶16] Almost three months later, in its subsequent order granting the State's motion to dismiss due to fugitive disentitlement, the district court again found Kratz had failed in the intervening time to provide any evidentiary support for his application's claims and failed to file any supporting affidavit and that his absence hampered the court's ability to fairly adjudicate his claims. Moreover, we note that two days before the order dismissing on fugitive disentitlement, Kratz filed an "unsworn declaration," which, despite the court's prior order denying summary disposition, fails to provide any factual support for his

5

application's claims and "contingent[ly]" waives the two claims if the illegal sentence is resolved.

## III

[¶17] Because Kratz failed to provide any evidentiary support for his application, we cannot conclude the district court abused its discretion in dismissing the two specific claims raised in the application. *See Ude v. State*, 2009 ND 71, ¶ 15, 764 N.W.2d 419 ("because Ude did not submit any testimony, affidavits, or supporting evidence of ineffective assistance of counsel, the district court did not err in denying Ude's application for post-conviction relief."). We affirm the dismissal of Kratz's petition for post-conviction relief. Having concluded Kratz failed to provide sufficient evidentiary support for the application, it is unnecessary to determine whether or not the district court properly applied the fugitive disentitlement doctrine.

[¶18] Kratz failed to adequately support his assertions that his probation revocation counsel was ineffective and that his plea was not voluntarily made. The judgment dismissing his application for post-conviction relief is affirmed.

[¶19] Jon J. Jensen, C.J.
　　　 Gerald W. VandeWalle
　　　 Lisa Fair McEvers
　　　 Jerod E. Tufte

**Crothers, Justice, specially concurring.**

[¶20] I fully agree with the majority opinion. Application of the fugitive disentitlement doctrine or the fugitive dismissal rule also could be dispositive in this appeal.

[¶21] The district court used the rule to dismiss the underlying postconviction relief proceeding. Majority opinion, ¶ 9. Both Kratz and the majority only mention the rule in passing. The entirety of Kratz's argument was:

> The court dismissed the petition for post-conviction relief under the fugitive dismissal rule, rather than simply fix the illegal

6

sentence[.] There is no precedent to dismiss the case under that doctrine in a post-conviction case in this State or justification to do so when the issue is one of correcting an illegal sentence. To dismiss this case without fixing the illegal sentence was an abuse of the court's discretion, which requires this Court's reversal and remand to correct.

The majority concludes, "it is unnecessary to determine whether or not the district court properly applied the fugitive disentitlement doctrine." Majority opinion, ¶ 17. *See id*. at ¶¶ 1 and 9.

[¶22] This Court only decides issues that are "thoroughly briefed and argued," and "a party waives an issue by not providing adequate supporting argument." *Weeks v. N.D. Workforce Safety & Ins. Fund,* 2011 ND 188, ¶ 9, 803 N.W.2d 601 (quoting *Olson v. Workforce Safety & Ins.,* 2008 ND 59, ¶ 26, 747 N.W.2d 71). Here, Kratz did not argue on appeal that the district court erred by dismissing his postconviction relief claims based on the fugitive disentitlement doctrine. While I have reservations about whether the fugitive disentitlement doctrine is available for use in the district court, that issue has not been presented to us for decision. Therefore, because Kratz did not brief or argue that the district court erred in denying him relief under the fugitive disentitlement doctrine, this case could be affirmed on that basis alone.

[¶23] Daniel J. Crothers