# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 20

Shilo Scott Knutson,                                    Petitioner

v.

The Honorable Donovan Foughty, District Court Judge,

Northeast Judicial District, and State of North Dakota,          Respondents

## No. 20220296

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

PETITION FOR SUPERVISORY WRIT DENIED.

Opinion of the Court by Bahr, Justice, in which Justices Crothers and McEvers joined. Justice Tufte filed an opinion concurring, in which Chief Justice Jensen joined.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner.

Beau M. Cummings, Assistant State's Attorney, Devils Lake, ND, for respondents.

**Bahr, Justice.**

[¶1]   Shilo Knutson petitioned for a supervisory writ to overturn the district court's order denying summary judgment and to direct the court to grant his motion for summary judgment on his post-conviction relief application. Because Knutson's arguments could be reviewed on appeal from a final judgment disposing of his post-conviction relief application, or could potentially have been reviewed in a direct appeal from the underlying criminal case's order revoking probation, we decline to exercise our discretion to grant supervisory relief. We deny his petition.

I

[¶2]   In June 2022, Knutson filed an application for post-conviction relief, seeking relief in the underlying criminal case from the district court's resentencing after his probation was revoked. He claimed the court was limited to the suspended sentence in resentencing him and sought relief for correction of an illegal sentence.

[¶3]   In the underlying criminal case, Knutson was charged with domestic violence—serious bodily injury, a class C felony, and with violating an order prohibiting contact, a class A misdemeanor, from conduct occurring on June 10, 2021. Represented by counsel, he pleaded guilty under N.D.R.Crim.P. 11 and was sentenced on August 24, 2021. The district court sentenced Knutson into the custody of Lake Region Law Enforcement Center for 360 days, with all but 150 days suspended, credit for 60 days, and 24 months of supervised probation.

[¶4]   In September 2021, the State petitioned the district court to revoke his probation, and the court held a revocation hearing on October 26, 2021. On October 28, 2021, the court entered an order revoking his probation and resentenced him on count 1 to five years at the Department of Corrections with two years suspended, two years of supervised probation, and credit for 108 days served. He was also resentenced on the other count to serve a concurrent

360 days with credit for time served. Knutson did not appeal after the court revoked his probation and resentenced him.

[¶5] After applying for post-conviction relief in June 2022, Knutson moved the district court for summary judgment, i.e., summary disposition. The court denied his motion. Knutson subsequently petitioned this Court for a supervisory writ to overturn the district court's order and to direct the court to grant his motion.

## II

[¶6] Knutson's petition to this Court involves an exercise of its supervisory jurisdiction:

> Under N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04, this Court may examine a district court decision by invoking our supervisory authority. We exercise our authority to issue supervisory writs rarely and cautiously, and *only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists.* Our authority to issue a supervisory writ is "purely discretionary," and we determine whether to exercise supervisory jurisdiction on a case-by-case basis, considering the unique circumstances of each case. Exercise of supervisory jurisdiction may be warranted when issues of vital concern regarding matters of important public interest are presented.

*Sauvageau v. Bailey*, 2022 ND 86, ¶ 7, 973 N.W.2d 207 (emphasis added) (quoting *Wilkinson v. Bd. of Univ.*, 2020 ND 179, ¶ 17, 947 N.W.2d 910); *see also Nygaard v. Taylor*, 2017 ND 206, ¶ 11, 900 N.W.2d 833. "Courts generally will not exercise supervisory jurisdiction 'where the proper remedy is an appeal merely because the appeal may involve an increase of expenses or an inconvenient delay.'" *Roe v. Rothe-Seeger*, 2000 ND 63, ¶ 5, 608 N.W.2d 289 (quoting *Fibelstad v. Glaser*, 497 N.W.2d 425, 429 (N.D. 1993)).

## III

[¶7] In seeking supervision, Knutson argues the district court erred in denying summary disposition on his post-conviction relief application. He argues his resentencing under amended N.D.C.C. § 12.1-32-07(6) (eff. Aug. 1,

2

2021) after his probation was revoked, increasing his punishment, constituted a violation of the ex-post-facto clause; was contrary to the applicable statute; and did not comply with a promise of a plea bargain. He contends that if the court had properly granted his motion, he would be released from incarceration and any delay in resolving the issue infringes on his fundamental right to liberty.

## A

[¶8] Generally, post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. *Bridges v. State*, 2022 ND 147, ¶ 5, 977 N.W.2d 718. The applicant has the burden to establish grounds for relief. *Id.* In *Bridges*, at ¶ 6, this Court explained:

> Summary disposition of an application for postconviction relief after the State responds is akin to summary judgment under N.D.R.Civ.P. 56. *Davies v. State*, 2018 ND 211, ¶ 9, 917 N.W.2d 8. "The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Id.* A district court may summarily dispose of an application for postconviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Everett v. State*, 2016 ND 78, ¶ 15, 877 N.W.2d 796. Questions of law are fully reviewable by this Court. *Id.*

Section 29-32.1-14, N.D.C.C., provides that "[a] final judgment entered under [N.D.C.C. ch. 29-32.1] may be reviewed by the supreme court of this state upon appeal as provided by rule of the supreme court."

## B

[¶9] In *Dubois v. State*, 2021 ND 153, ¶ 23, 963 N.W.2d 543, this Court held that N.D.C.C. § 12.1-32-07(6) unambiguously restrained the district court's authority in probation revocation cases to the imposition of the sentence initially imposed but suspended; however, the legislature subsequently amended N.D.C.C. § 12.1-32-07(6) to remove that restraint. 2021 N.D. Sess.

Laws ch. 111, § 1 (effective August 1, 2021). *See Kratz v. State*, 2022 ND 188, ¶ 7, 981 N.W.2d 891.

[¶10] Relying on the federal and state constitutions, *see* U.S. Const. art. 1, § 10; N.D. Const. art. I, § 18, Knutson argues the district court's application of N.D.C.C. § 12.1-32-07(6), as amended August 1, 2021, to his judgment of conviction and resentencing resulted in an ex-post-facto application because Knutson's criminal conduct occurred on June 10, 2021. Knutson contends his punishment was therefore improperly retroactively increased from a maximum of 360 days to five years.

[¶11] Knutson also argues that the district court's resentencing of him is illegal because it did not comply with a promise of a plea bargain under N.D.R.Crim.P. 11(c)(1)(A) and (C) and 11(d). He contends that his purported binding plea "survived" the revocation of his probation and the court was bound by the plea in resentencing.

[¶12] Generally, an order denying or partially granting a motion for summary judgment is an interlocutory order, "which may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Pennington v. Cont'l Res., Inc.*, 2021 ND 105, ¶ 17, 961 N.W.2d 264; *see also Ceynar v. Barth*, 2017 ND 286, ¶ 7, 904 N.W.2d 469; *Frontier Enters., LLP v. DW Enters., LLP*, 2004 ND 131, ¶¶ 3-4, 682 N.W.2d 746. Although the district court denied Knutson's motion, the court has not entered a final judgment disposing of his post-conviction relief application.

[¶13] Here, the order denying summary disposition is interlocutory and the underlying post-conviction relief proceedings have not concluded by entry of a final judgment. It is also unclear from this record why Knutson did not directly appeal from the district court's October 28, 2021 order revoking probation in the criminal case. Knutson has not asserted a claim for ineffective assistance of counsel as a ground for post-conviction relief. Under these circumstances, we conclude a complete disposition of the underlying post-conviction proceedings and subsequent appeal would be appropriate before addressing the arguments Knutson raises in his petition for supervision.

[¶14] As discussed, this Court exercises its supervisory jurisdiction "rarely and cautiously" and "only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists." *Sauvageau*, 2022 ND 86, ¶ 7. Knutson's petition for supervision fails to establish that "no adequate alternative remedy exists" because a proper remedy includes an appeal in the pending post-conviction relief proceedings. Knutson's arguments raised in his petition could be reviewed on appeal from a final judgment disposing of the post-conviction relief application, or could potentially have been reviewed in a direct appeal from the underlying criminal case's order revoking probation.

[¶15] Based on the foregoing, we decline to exercise our discretion to grant supervisory relief and deny his petition.

IV

[¶16] We decline to exercise our supervisory jurisdiction to overturn the district court's order denying summary judgment and to direct the court to grant Knutson's motion for summary judgment on his post-conviction relief application.

[¶17]  Daniel J. Crothers
       Lisa Fair McEvers
       Douglas A. Bahr

**Tufte, Justice, concurring.**

[¶18] The majority declines to exercise our supervisory jurisdiction and denies Shilo Knutson's petition on that basis. Because Knutson raises a nonfrivolous claim that his continued incarceration is in excess of the maximum legal sentence, I would exercise our discretion to review his claim on the merits, and upon so reviewing the merits, deny relief.

[¶19] Knutson argues his sentence violates the ex post facto clauses of the state and federal constitutions because his criminal conduct predated the effective date of the 2021 amendment to the statute governing suspended sentences. The amendment to the statute did not change the maximum sentence the district court could impose on Knutson. It simply changed the words the court

5

must use to express its intent as to sentencing. Before August 2021, the maximum sentence was five years in prison, with any time not served in custody available to be imposed upon any revocation of probation. After August 2021, the same maximum sentence was available. The words prescribed to express that sentence were altered by the statute. The difference is that a sentence stating an amount of suspended time less than the maximum allowed by law is no longer binding on a subsequent court sentencing after revocation. The amendment's removal of discretion to limit the potential consequences upon revocation of probation does not place the law in violation of the ex post facto clause, N.D. Const. art. I, § 18. The amendment does not make criminal an act that was formerly innocent, aggravate the crime, increase the punishment, or relax the evidence required to prove the offence. *State v. Jensen*, 333 N.W.2d 686, 693-94 (N.D. 1983) (quoting definition of ex post facto laws first articulated in *Calder v. Bull*, 1 U.S. 269, 273 (1798)).

[¶20] Jon J. Jensen, C.J.
    Jerod E. Tufte