# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2026 ND 3

Zeferino Carlos Rangel, Jr.,                    Petitioner and Appellant

v.

State of North Dakota,                          Respondent and Appellee

No. 20250281

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable James T. Shockman, Judge.

AFFIRMED.

Per Curiam.

Thomas J. Glass, Bismarck, N.D., for petitioner and appellant; submitted on brief.

Frederick R. Fremgen, State's Attorney, Jamestown, N.D., for respondent and appellee; submitted on brief.

**Per Curiam.**

[¶1]   Zeferino Rangel appeals from an order granting the State's motion for summary disposition of his postconviction relief applications. Rangel argues the district court erred by summarily disposing of his applications—claiming he received ineffective assistance of counsel—without an evidentiary hearing.

[¶2]   Under N.D.C.C. § 29-32.1-09.1(1), the district court may grant a motion for summary disposition "if the application, pleadings, any previous proceeding, discovery, or other matters of record show that no genuine issues exist as to any material fact and the moving party is entitled to judgment as a matter of law." "A motion for summary disposition under N.D.C.C. § 29-32.1-09.1 is analogous to and governed by the procedure for a motion for summary judgment under N.D.R.Civ.P. 56." *Kraft v. State*, 2025 ND 155, ¶ 8, 25 N.W.3d 777. "While claims of ineffective assistance of counsel are ordinarily unsuited to summary disposition without an evidentiary hearing, the district court may grant summary disposition when the State moves for summary disposition and an applicant fails to provide some competent evidence to support his claims." *Hernandez v. State*, 2025 ND 176, ¶ 2, 26 N.W.3d 703.

[¶3]   Rangel's applications failed to present competent, admissible evidence which raised a genuine issue of material fact that his counsel's representation fell below an objective standard of reasonableness under prong one of the *Strickland* test, and he failed to respond to the State's motion for summary disposition by providing competent evidence to support his claim. *See Samaniego v. State*, 2024 ND 187, ¶ 9, 12 N.W.3d 827 ("Courts need not address both prongs of the *Strickland* test, and if a court can resolve the case by addressing only one prong it is encouraged to do so."). We summarily affirm under N.D.R.App.P. 35.1(a)(6).

[¶4]   Lisa Fair McEvers, C.J.
       Daniel J. Crothers
       Jerod E. Tufte
       Jon J. Jensen
       Douglas A. Bahr

1