# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 74

Chad Dennis Conica,                                         Petitioner and Appellant

v.

State of North Dakota,                                      Respondent and Appellee

## No. 20250417

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

AFFIRMED.

Per Curiam.

Jamie L. Schaible, Fargo, ND, for petitioner and appellant; on brief.

Gabrielle J. Goter and Shaun H. Peterson, Assistant State's Attorneys, Bismarck, ND, for respondent and appellee; on brief.

**Per Curiam.**

[¶1] Chad Conica appeals from an order granting the State's motion for summary dismissal and/or summary disposition of his application for postconviction relief. He argues the district court erred by dismissing his application without an evidentiary hearing.

[¶2] Under N.D.C.C. § 29-32.1-09.1(1), the district court may grant a motion for summary disposition "if the application, pleadings, any previous proceeding, discovery, or other matters of record show that no genuine issues exist as to any material fact and the moving party is entitled to judgment as a matter of law." "A motion for summary disposition under N.D.C.C. § 29-32.1-09.1 is analogous to and governed by the procedure for a motion for summary judgment under N.D.R.Civ.P. 56." *Kraft v. State*, 2025 ND 155, ¶ 8, 25 N.W.3d 777. "Once the State moves for summary disposition pointing out the absence of supporting evidence, the defendant is put on notice of the issue and a minimal burden shifts to the defendant to provide some competent evidence to support his claim." *Id.* ¶ 9 (quoting *Mwinyi v. State*, 2024 ND 126, ¶ 11, 9 N.W.3d 665). This Court reviews a district court's grant of summary disposition under the de novo standard. *Atkins v. State*, 2021 ND 83, ¶ 13, 959 N.W.2d 588.

[¶3] Conica's application failed to present competent, admissible evidence that raised a genuine issue of material fact. He also failed to respond to the State's motion for summary disposition by providing competent evidence to support his claim. We summarily affirm the district court's order granting the State's motion for summary disposition under N.D.R.App.P. 35.1(a)(6). *See Rangel v. State*, 2026 ND 3, ¶ 3, 30 N.W.3d 343 (summarily affirming district court's order granting the State's motion for summary disposition when the applications failed to present competent, admissible evidence and the applicant failed to respond to the State's motion with competent evidence to support his claim); *Kratz v. State*, 2022 ND 188, ¶ 17, 981 N.W.2d 891 ("Because Kratz failed to provide any evidentiary support for his application, we cannot conclude the district court abused its discretion in dismissing the two specific claims raised in

the application."); *Ude v. State*, 2009 ND 71, ¶ 15, 764 N.W.2d 419 ("[B]ecause Ude did not submit any testimony, affidavits, or supporting evidence of ineffective assistance of counsel, the district court did not err in denying Ude's application for post-conviction relief.").

[¶4]   Lisa Fair McEvers, C.J.
    Jerod E. Tufte
    Jon J. Jensen
    Douglas A. Bahr
    Mark A. Friese